## Futrell, et al. v. Futrell's Executor, et al.

(Decided June 1, 1928.)

## Appeal from Calloway Circuit Court.

1. Wills.—Under will devising all of testator's realty to his son and daughter, "to be theirs their natural lifetime and then pass to their bodily heirs." they took only a life estate, and fee-simple title vested in their children, subject only to parents' life use and control.

2. Wills.—Item of will directing that all cash in bank be left on interest and interest paid to testator's son and daughter if needed for use of their children, principal to be held intact, held void for uncertainty as to whose and what needs were meant, how many or who constituted benefited class, extent and duration of benefits, and who was to judge necessities.

3. Wills.—To make a valid will, one must express his intention with sufficient clarity to enable court to know from will itself just what testator intended, failing in which will or part of it so affected is void for uncertainty.

4. Wills.—In examining will or part of will attacked for uncertainty, question for determination is not what testator meant or intended to say, but what is meant by what he did say; court not being authorized to give will any construction other than that justified by fair interpretation of its wording and language.

5. Wills.—The court cannot make a will for testator and supply by construction those elements of certainty which testator failed to include in the paper itself.

6. Executors and Administrators.—An executor has only such power as is found in the will.

7. Evidence.—Under the common law, in force in Kentucky, men and women are regarded as capable of having children as long as they live.

COLEMAN & LANCASTER for appellants.

E. P. PHILLIPS for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing in part and affirming in part.

Frank Futrell and his sister, Gertie Willoughby, began this action to secure a construction of the will of their father, and asked to be · adjudged the absolute owners of the real estate and cash in bank mentioned in the will. By this appeal they are asking for the relief that was denied them by the trial court.

W. B. Futrell died a resident of Calloway county, Ky., on March 29, 1925, survived by two children, Frank

Futrell and Gertie Willoughby, as his only heirs at law. He left a will of which only two items are in controversy. Item 2 of this will was:

"I will and bequeath all my real estate to Gertie Willoughby my daughter, and Frank Futrell my son, same to be equally divided between my daughter, Gertie Willoughby and my son Frank Futrell, same to be theirs their natural lifetime and then pass to their bodily heirs. This said real estate to be divided in a satisfactory manner to Gertie Willoughby my daughter and Frank Futrell my son, if for any reason they cannot agree between themselves, as the exact proportion that each is to have, I ask my executor to aid them in the equitable division of this property."

Frank Futrell and Gertie Willoughby claim that under item 2 they took a fee-simple title to the real estate in question. The construction placed on this item 2 by the trial court was:

"The proper construction to be placed upon item 2 of the will of W. B. Futrell is that Gertie Willoughby and Frank Futrell have only a life estate or the use and control during their life of the real estate devised in said item by the maker, W. B. Futrell, and that under said item 2 the fee-simple title to all the real estate owned by said W. B. Futrell vests in the children of Gertie Willoughby and Frank Futrell, subject only to the life use and control of Frank Futrell and Gertie Willoughby."

We are unable to find any error in this construction of item 2, and the judgment to that extent is affirmed.

The next question presented is the proper construction of item 5, which is:

"All cash in bank is to be left on interest and said interest is to be paid to my daughter Gertie Willoughby and my son Frank Futrell provided same is needed for the use of their children principal to be held intact."

The construction placed on this by the trial court was:

"Interpreting and construing item 5, it is adjudged by the court that the maker intended for the

children of Frank Futrell and Gertie Willoughby to have and be the sole beneficiaries of the items and property mentioned in said item 5, but he further adjudges that under said clause T. H. Stokes as executor of his will should retain said money as invested in a time certificate in the First National Bank and pay the interest on said sum to and for the use of these children, paying same in his discretion to the father and mother of said children as the needs of said children shall appear to him, after reasonable investigation; and it is adjudged that Gertie Willoughby and Frank Futrell have no interest in the money referred to in item 5, either principal or interest.''

Something near $11,000 is affected by this item of the will. It is the contention of Frank Futrell and Gertie Willoughby that this item is void for uncertainty, and, if not void for that, it is void because conflicting with section 2360, Kentucky Statutes. Considering the question of the uncertainty first, we find that the testator has provided that this fund must be held intact. He does not say for how long, nor to whom it is ultimately to go. He provides it shall be kept at interest, and that the interest is to be paid to his daughter, Gertie Willoughby, and his son, Frank Futrell, provided same is needed for the use of their children.

By our laws, a person may dispose of his estate by will, but that does not mean that every disposition he may make of it will be valid. To make a valid will, one must express his intention with sufficient clarity to enable the court to know from the will itself just what the testator intended. If, from a will itself, it cannot be determined just what the testator's intention was, then the will, or such part of it as may be so affected, is void for uncertainty. In examining such a will or part of a will, the question for determination is not "what did the testator mean or intend to say," but "what is meant by what he did say?" Courts may be of the opinion that he did not intend to say what he did say, but they are not thereby authorized to give to the will any construction other than that which is justified by a fair interpretation of the wording and language of the will itself. See Howard v. Cole, 124 Ky. 812, 100 S. W. 225, 30 Ky. Law Rep. 1027. Courts cannot make a will for a testator and cannot supply by construction those elements of certainty which the testator failed to include in the paper

itself. We know from the language of the item before us the testator intended this fund should remain intact and at interest, and that his children under some circumstances might be paid this interest, provided it is needed for the use of his grandchildren. It is uncertain just whose needs the testator had in mind, whether he meant the needs of his children, or the needs of his grandchildren. It is uncertain just what needs the testator contemplated. Does it mean the bare necessities of life, or does it mean that this interest can be used to give his grandchildren a college education? No one can know from this paper what necessities he meant. No one is named to judge of these necessities. The trial court named the executor as the judge of these necessities, thereby extending to the executor a power that the testator had not given him in his will. If the executor have any power whatever, it must be found in the will. We cannot find in the will any warrant for conferring upon him such power as was given him by the judgment of the trial court. No one can read this item and say how long this fund must be kept intact. No one can know the extent or number of the class to be benefited. No one can know how many children may be born of Gertie Willoughby, nor how many children may be born to Frank Futrell.

In the case of May v. Bank of Hardinsburg, 150 Ky. 136, 150 S. W. 12, 48 L. R. A. (N. S.) 865, we said:

"Under the common law which is in force in Kentucky, men and women are regarded capable of having children as long as they live."

This record does not disclose the age of either Gertie Willoughby or Frank Futrell; but that makes no difference under the view which our law takes of the matter. Assuming that the grandchildren constitute the benefited class, we do not know just how many were in the class at the time of the testator's death, but we do know that the class will open to receive and to admit to benefits children born thereafter. We know from this record that a child was born of Gertie Willoughby in April, 1926, and when this petition was amended on the 22d of April, that year, that child was made a defendant and described as an infant, one week old, for whom its parents had not then selected a name. If this fund is to be kept intact for the benefit of these grandchildren, it may be many years before we will know just how many or who con-

stitute the benefited class.  We cannot from this item of the will determine either the extent of these benefits, how long these benefits are to continue, who is to judge of the necessities that must exist before the benefits can be enjoined, or what necessities are meant, and therefore we hold this item of the will is void for uncertainty.

The guardian ad litem for the grandchildren that are now in esse calls to our attention the case of Wilkinson v. Rosser, 104 S. W. 1019, 31 Ky. Law Rep. 1262, Hussey v. Sargent, 116 Ky. 53, 75 S. W. 211, 25 Ky. Law Rep. 315; and Webber's Guardian v. Webber's Adm'r, 175 Ky. 525, 194 S. W. 805, and upon the authority of these cases, it is argued that the grandchildren of the testator take this personal property in fee because the gift of the use of a thing is equivalent to the gift of the thing itself.  There might be considerable force in that argument if the testator had given to these grandchildren the entire income from this fund, but he did not do so.  In fact, they get none of the income from this fund. Their parents may get it, but not unless their needs require it.  If any one will attempt to construe this clause its uncertainty becomes apparent at once.  Question after question arises.  Who gets the corpus of this fund? When?  How does it pass under the will, or under the statute?  How long must this fund be kept intact?  If the daughter prospers and does not need the interest, is the son entitled to draw all the interest if his children need it, and vice versa?  If either should die leaving children in need, could a trustee be appointed to draw and expend this interest?  And so on.  If we attempt to construe it, we soon find ourselves engaged in making a will for the testator, which we have no right to do.  Having concluded this item 5 is void for uncertainty, there is no need for us to pass upon its alleged conflict with section 2360 of our Statutes.

The judgment, so far as it holds valid this item 5 of the will, relative to the cash in bank, is erroneous, and to that extent it is reversed, and upon the return of this cause, the trial court will set aside so much of its judgment as held item 5 valid, and enter in lieu thereof a judgment in conformity herewith, reciting therein that W. B. Futrell died intestate as to the cash in bank. In all other respects the judgment is affirmed.

The whole court sitting.