## Leroy et al. v. Read's Executor et al.

(Decided Feb. 16, 1934.)

W. S. SMITH for appellants.

W. L. PORTER, BRENTS DICKINSON, Jr., and J. W. VANCE for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This case involves the construction of a part of the sixth clause of the will of Sarah Read, now deceased. The testatrix, who died at the age of 89, unmarried, had been for a number of years a recluse. In the main, she divided her property among the descendants of her deceased uncles and aunts, one of whom was Betsie Thomas. The part of the will, the construction of which is here in dispute, reads thus:

"To the children and grandchildren of Betsie Thomas now deceased, I devise and bequeath the remaining 3/10 of my estate, left after the above bequests have been made to the following named persons, to wit: One share of the said 3/10 interest to Frank Bradley, one share of the said 3/10 interest to Jim Bradley, one share of the said 3/10 interest to William Harrison Bradley, one share of the said 3/10 interest to Haiden Bradley, one share of the said 3/10 interest to Mrs. Rena Gentry, one share of the said 3/10 interest to Settie Moore, one share of the said 3/10 interest to Luary Gentry, one share of the said 3/10 interest to Malinda Gaddey, one share of the said 3/10 interest to Tarrissa Nunnally, who is married, but whose surname I do not remember, to the children of Fannie Freeman, who is now dead, and whose names are Eva Jones, Lee Freeman, Ellis Greer and Harvey Freeman, jointly, one share of said 3/10 interest, that is to say, the said children of Fannie Freeman, are to take the interest that their mother would have taken which

would have been one share, in said 3/10 interest if she were living.''

It appears from the petition that all of the children and grandchildren of Betsie Thomas are specifically mentioned by name in the foregoing excerpt of Sarah Read's will except four grandchildren. They are not mentioned in this excerpt or in any other part of the will. These four are the plaintiffs, Fannie Leroy, Lydia Word, Ulysses Nunnally, and John B. Nunnally. It is their contention that they are also beneficiaries under that portion of the will we have quoted just as are the children and grandchildren specifically named, that the gift ''to the children and grandchildren of Betsie Thomas now deceased'' is a gift to a class, and that the catalogue of names of those in that class appearing in the will is obviously a mistake of the draftsman, because, taken as a whole, the will plainly shows that the testatrix meant all of the children and grandchildren of Betsie Thomas to share in the devise and bequest she was making. To this we cannot agree. The testatrix in plain and unambiguous language makes her devise and bequest, not ''to all of the children and grandchildren of Betsie Thomas, now deceased,'' but ''to the children and grandchildren of Betsie Thomas now deceased,'' by following up this phrase with the further phrase, ''the following named persons,'' thus clearly defining the beneficiaries included in the phrase ''to the children and grandchildren of Betsie Thomas now deceased'' as those whose names are thereafter set out. There is no room for argument that the will on its face shows any different intention on the part of the testatrix or that the omission of any grandchildren of Betsie Thomas, deceased, was through any error or oversight on the part of the draftsman of the will or that the will on its face shows that all of the children and grandchildren of Betsie Thomas were to share in the estate. It is quite plain that those specifically named were meant to be beneficiaries of this three-tenths of the testatrix' estate.

The lower court's judgment being in accord with these views, it is affirmed.