## Winn v. William et al. (two cases).

June 19, 1942.

Robert H. Winn for appellant.
John J. Winn and Thos. D. Grubbs for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

In January, 1942, Thomas H. William, individually and as guardian of his two children, John F. William and Harriet William, entered into a written contract with appellant, R. H. Winn, for the purchase and sale of a business building in Mount Sterling, asserting ownership in himself of one-half of the property and in his children and wards of the other one-half. By the terms of the contract, for the purpose of determining title, an action was to be filed by William against Winn seeking specific performance and another action by William, Guardian, under Section 2150a of the Kentucky Statutes to obtain approval of the sale of his wards' asserted one-half interest. Under the contract the sale of each one-half interest was dependent on the vesting of good title to the whole in appellant, who had no desire to become the owner of an undivided interest.

The separate actions were filed and were consolidated by agreement. In these actions William asserted ownership of a one-half interest in the property under the will of his father, John W. William, which, it was alleged, devised the property in fee to him and his sister, Hattie, jointly. Ownership of the other one-half was asserted in William's two children under the will of his sister, Hattie. The infant defendant, John F. William, who was in the armed forces of the country, was proceeded against by constructive service and before rendition of judgment an amended petition was filed setting up the fact that he had arrived at his majority.

Proof was taken showing the indivisibility of the property, the advisability of sale and the satisfactoriness of the price. The chancellor construed the John W. William will according to Thomas H. William's theory and adjudged the latter to be the owner of a one-half interest and his two infant children to be the owners of the other one-half.

The deed of the guardian conveying the interest of the infant defendant, Harriet William, was approved by the master commissioner, who was directed to execute a deed conveying the interest of John F. William and it was ordered that his one-fourth of the purchase money be paid to the receiver of the court to be held for further orders. It was further adjudged that these two deeds

executed on behalf of the two children, together with the deed from Thomas F. William and his wife purporting to convey the other one-half interest, would vest appellant with good title and he was ordered to accept the deeds and pay the purchase money. This he declined to do and appeals from the judgment. It may be added that he is willing to carry out his contract provided he would be vested with good title and he appeals solely for the purpose of testing the validity of the title proposed to be vested in him.

Numerous interesting questions are raised in the briefs and ably argued by counsel dealing with the construction of the John W. William will but we find it neither necessary nor appropriate to discuss or decide them in view of the conclusion we have reached. There is no doubt that John F. William, originally an infant defendant in one of the actions, is the owner of at least a one-fourth interest in the property and since we have concluded that the contract of sale executed by his guardian is not binding on him now that he has attained his majority and that the commissioner's deed executed in his behalf did not operate to divest him of title, the entire contract of sale with appellant is unenforcible. There being no way in which appellant could be vested with good title under the contract, it becomes immaterial for the purposes of this case what the respective interests of the joint owners may be.

Section 2150a of the Statutes empowers a guardian to sell real estate of his ward but provides that such a sale shall not be consummated until it is approved in an action filed in the circuit court by the guardian against the ward. This statute clearly contemplates the rendition of a judgment of approval at a time when the ward is still an infant and confers no power on the guardian to consummate the sale, or the court to approve it, after the ward has arrived at his majority. The sale by the guardian has no binding effect unless and until it is approved by the circuit court and when the ward arrives at his majority before rendition of judgment all power of the guardian to act for and on behalf of his ward is terminated. Had the Legislature intended that a proposed sale by a guardian could be consummated under the circumstances here presented, it would have so provided. The sale of a ward's real estate under this section bears no analogy to a sale under Section 490 of the

Civil Code of Practice. In actions under the latter section it is immaterial whether a joint owner is an infant or an adult and where an infant is properly before court in such an action it matters not that he reaches his majority before the rendition of judgment. While in the case before us indivisibility of the property was the alleged and proven ground for the sale, nevertheless the action was in no sense under Section 490 of the Code. Under that section the judgment directs the sale by the commissioner at competitive bidding while under Section 2150a of the Statutes approval is merely given by the judgment for the consummation of a private sale made by the guardian at a fixed price.

It seems that the chancellor gave partial recognition to this situation in that he directed the master commissioner to convey the interest of the infant who had arrived at his majority. However, no authority existed to direct the commissioner to make this deed. The proceedings were under Section 2150a pursuant to which the guardian conveys, not the commissioner, and when the ward arrived at his majority, thereby divesting the guardian of all power to act for him, no one else had power to do so—all proceedings under the Statute terminated.

Particularly are the conclusions enunciated applicable to wards who are before court by constructive service, as was John F. William. It does not accord with the due and seemly administration of the law to permit the property of such an adult to be sold at a fixed price pursuant to a contract made by his guardian during his minority. He may not even know of the pendency of the action against him and might be entirely dissatisfied with the sale price and with the interest adjudged him in the property and might be entirely unwilling to part with his property at any price.

The conclusions enunciated make it apparent that appellant can in no manner be vested with good title pursuant to the contract.

Judgment reversed with directions to enter a judgment in conformity with this opinion.