## Winn v. William et al. (two cases)

Nov. 10, 1942.

46

Robert H. Winn for appellant.

Reid Prewitt for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

On the first appeal of this case we held that deeds tendered Judge Robert H. Winn, who had contracted to purchase certain property in Mt. Sterling, would not have passed a fee simple title and that the judgment enforcing specific performance was erroneous. It was not necessary to construe two wills which formed the source of the grantor's title. Winn v. William, 291 Ky. 258, 163 S. W. (2d) 473, 141 A. L. R. 1020. Subsequently one of the minor parties became of age and executed a deed for his interest and the court properly approved the sale of the infant's interest under the provisions of Section 2150a of the Statutes. The court again adjudged specific performance, and the purchaser appeals. We are now presented with the necessity of construing the wills as far as possible.

■ John W. William's will was probated in December, 1921. He was survived by his son, Thomas, and daughter, Hattie, but she died without issue in 1941. After provisions for the payment of his debts and nomination of his daughter as executrix, the will is as follows:

"It is my purpose to divide my estate equally between my said daughter, Hattie, and my son, Thomas, but for their own protection I am placing a few restrictions upon same. My real estate is producing a good income and is therefore a good investment and I do not want it sold unless the Committee hereafter thinks best. My said daughter is situated so she can without much trouble see to the collection of rents, and I direct her to do this and after payment of taxes, insurance and needed repairs so

the property will be properly kept up, she to divide the balance equally with her said brother but for her services in collecting, seeing to repairs, she to receive ten per cent of the amount collected as rents, she to clip from all bonds, coupons and divide with her brother, Thomas, equally without any charge or deduction. To each of my children the executor will turn over five one thousand dollar government bonds to be their own and to do as they please with at once.

"The balance of my estate is to be held in trust for my said children except as hereafter stated they to share jointly in the income therefrom for their natural lives and to do as they please with same. If *eather* should die childless the share of the one so dying shall go to the survivor. But should *eather* die leaving lawful children then fifty per cent to go to the other and fifty per cent to the children of the other. In case the other dead fifty per cent of the entire estate to the children and fifty per cent to my brother and sisters living at that time.

"In case both leave children then both sets of children to share equally in this entire estate. In case of disagreement in this or any part *eather* has the right to appoint one man acquainted with this estate and the other the same, these two to select the third and their decision to be final. These gentlemen are to compose one banker and business man and one lawyer.

"In case *eather* wanted more cash money for anything these same gentlemen could and will pass on same, and if in their judgment they need the same they to pass on same the same as trustees and they to have the right to advance both of them equally from the principal sum not exceeding five thousand dollars each and not oftener than every five years apart.

"It is my purpose to render all assistance I can to my children and at the same time insure for both of them a comfortable living during their lives."

The rest of the will specifically disposes of certain personal property, bequeaths $10,000 to testator's son, and his residence and furnishings to his daughter, both bequests "to be kept in trust of this estate."

We dispose of the statement in the first paragraph that testator did not want his income-producing real estate sold "unless the committee hereafter thinks best." Perhaps the testator had in mind the arbitrators later provided for the purpose of deciding any disagreement between the children of both his children as to the division of the estate when they had died, or the limited "balance," or maybe any disagreement as to any part of his will. If it be so regarded, then the statement is an effort to restrain the alienation of the title for an indefinite time, or at least during the lifetime of testator's children. This is regarded as an unreasonable period and repugnant to the ownership of a fee and, therefore, void. Harkness v. Lisle, 132 Ky. 767, 117 S. W. 264; Kentland Coal & Coke Company v. Keen, 168 Ky. 836, 183 S. W. 247, L. R. A. 1916D, 924; Thurmond v. Thurmond, 190 Ky. 582, 228 S. W. 29; Courts v. Courts' Guardian, 230 Ky. 141, 18 S. W. (2d) 957. It is at least an ambiguous qualification and the ambiguity must be cleared and doubts resolved in favor of a construction that renders it ineffective so as not to interfere with the passing of a fee. Cahill v. Pelzer, 204 Ky. 644, 265 S. W. 32. The elimination of this clause of the will is in the course of our thinking that the first paragraph was intended to and did in fact otherwise devise a fee simple title to the testator's two children. It is recognized, of course, that a restraint of alienation in a trust provision or a grant of a limited estate is good unless it violates the rule against perpetuities. Section 2360 of the Statutes.

The provision that the daughter should collect the rents and pay the taxes and other expenses of maintenance and divide the net proceeds with her brother falls out with the attempted restrain, and standing alone obviously it is insufficient to destroy the fee.

Difficulty of construction is met in the four paragraphs following the first. It is to be observed that the first paragraph closes with the absolute bequest of $5,000 in government bonds to each of testator's children. Next follows: "The balance of my estate is to be held in trust for my two children, except as hereinafter stated," etc. The circuit court was of opinion that the word "balance" meant the portion of the estate remaining and referred to property other than income-producing estate and the $10,000 of bonds; hence, that the following provisions as to disposition excluded those devises. But

if it was intended to embrace them, the court was of opinion that the provisions limiting the estate are not understandable and cannot be considered.

In view of our decisions in recent years that a will is not complete until signed and, therefore, must be considered "by its four corners," regardless of an initial fee simple devise, we are inclined to the view that "balance" had reference to all his property except the $10,000 in government bonds bequeathed absolutely. We need not stop to analyze the will and express our reasons for that view for we are of opinion that the second conclusion of the chancellor is well founded.

The right to dispose of one's estate by will is created and regulated by statute. Section 4824 et seq., Statutes. Having exercised that right, the courts strive diligently to ascertain and enforce the testator's intention or will as expressed in an instrument properly executed. However, as stated in 28 R. C. L., 204:

> "Over two hundred years ago Lord Coke made the observation, which is nearly as true now as it was then, that 'wills and the construction of them do more to perplex a man than any other learning; and to make certain construction of them, this excedit jurisprudentum artem.' "

To reduce the perplexity to a minimum and to assist in ascertaining a testator's intention when it has not been clearly expressed, a number of rules have been formulated or canons of construction adopted, which logic and experience teach tend to accomplish that end. The paragraphs in William's will following the first, verily "excedit jurisprudentum artem." The application of the general rules serves only to further the confusion; and analyses and the light of logic have availed little. None of us has been able to reach an unchangeable construction and scarcely any two agree. In the language of Judge Thomas we may suggest that it would take not only the proverbial "Philadelphia lawyer" but the entire bar of Pennsylvania to construe it with certainty! If a man wishes to dispose of his estate by will he ought to express his desires so they can be accomplished. If he is not able to say what he wants to say or is so negligent that he does not write what he has in his mind, or have someone else to do it, he ought not to expect the courts to read his mind or divine his will by some sort of supernatural power. The law itself makes a just and

equitable disposition of property of an intestate among the natural objects of his bounty and it should prevail over provisions of an attempted disposition that are so obscure that the purpose of the testator cannot be ascertained with reasonable certainty. If the intention to make a different disposition cannot be discerned from the instrument itself (other than by permissible evidence as to the particular identity of a person or property or by legitimate surrounding circumstances), of necessity the courts cannot give a will any effect and must declare it void for uncertainty. Futrell v. Futrell's Executor, 224 Ky. 814, 7 S. W. (2d) 232; Blankenship v. Blankenship, 276 Ky. 707, 124 S. W. (2d) 1060; Page on Wills, Section 54; 28 R. C. L., 209; Cope v. Cope, 45 Ohio St. 464, 15 N. E. 206. So much of William's will following the first paragraph as we have quoted is so confusing, inconsistent and unintelligible that we can only speculate as to his intention. In this connection there is the judicial fact that part of the law constituent of every will is the rule that the early vesting of an estate is favored in the absence of a clear manifestation of a contrary intention, and the statute declaring a legacy shall be regarded as absolute and complete rather than qualified or limited if there be doubt as to which character was intended. Section 2342, Kentucky Statutes; Grubbs v. Grubbs, 190 Ky. 258, 227 S. W. 272; Ely v. United States Coal & Coke Company, 243 Ky. 725, 49 S. W. (2d) 1021; Clay v. McNabb, 286 Ky. 751, 151 S. W. (2d) 7027.

We are, therefore, of opinion that the court correctly adjudged that the testator's two children took a fee simple title to the property involved in the suit.

■ Miss Hattie William's will made a number of specific bequests and then provided:

"All the rest of my estate, I divide equally between my nephew, John Franklin William, and my niece, Harriet William, to be held in trust for them by the Security Trust Co. of Lexington, Ky., whom I desire to be their guardian.

"The part left my nephew, John Franklin William, is to be held in trust for him, until he is 25 years of age, then it is to be his to do with as he pleases.

"The part left my niece, Harriet William, is to

be held in trust for her until she is 25 years of age, then it is to be hers to do with as she pleases.''

The following codicil was added:

''I revoke all the clauses in my above will in which The Security Trust Co. of Lexington, Ky., is mentioned and appoint the Montgomery National Bank of Mt. Sterling, Ky., as Executor of this my will and also appoint the said Montgomery National Bank to act as guardian for John Franklin William and Harriet William and to hold in trust for them until they reach the age of 25 years, such parts of my estate bequeathed to them in my will.''

The niece and nephew are children of the testatrix' brother, Thomas H. William. The designated bank declined to qualify as executor or guardian and Mr. William is the guardian of his infant daughter, Harriet William. The question presented is what estate did the devisees acquire in the real property involved which, as above described, is a part of the testatrix' father's property devised to her. Nowhere in the will is the design, object, purpose or character of the trust stated, nor is there any direction or power of any kind bestowed upon the unnamed trustee in respect thereto. When appointed he would have only the naked legal title to the property, with no duties to perform. There was created, therefore, only a dry or passive trust. The opinion in Commonwealth v. Louisville Public Library, 151 Ky. 420, 152 S. W. 262, 268, goes quite thoroughly into the subject of passive trusts. It is therein said:

''It is a well-established rule in equity that a conveyance of land from A. to B. to the use of or in trust for C. the trustee having no active duty to perform, constitutes a passive or dry trust, and the trustee takes no title, but the same vests immediately and absolutely in the beneficiary to the extent of the estate granted. 4 Kent, Comm., 288; McGoon v. Scales, 9 Wall. 23, 19 L. Ed. 545.''

A dry or simple trust is one in which the trustee has no duties to perform and the cestui que trust has the management of the estate. It is a simple separation of the equitable and legal estate which can be united at the option of the cestui que trust. Carpenter v. Carpenter's Trustee, 119 Ky. 582, 84 S. W. 737, 68 L. R. A. 637, 115 Am. St. Rep. 275; Blackburn v. Blackburn, 167 Ky. 113,

180 S. W. 48; Brock v. Conkwright, 179 Ky. 555, 200 S. W. 962. In the recent case of Shedd's Administrator v. Gayle, 288 Ky. 466, 156 S. W. (2d) 490, we pointed out that by virtue of Section 2342, Kentucky Statutes, the unqualified devise of rents and profits of real estate passes a fee simple title. This is in accord with general authority. As stated in 1 Bogert on Trusts and Trustees, Section 206:

> "An attempted trust creation without an adequate statement of duties in the trustee will usually cause the legal interest to vest in the cestui as absolute owner, leave no interest in the trustee, and give the trust but an evanescent existence."

It becomes necessary, therefore, in the construction of Miss William's will, as it has been of her father's, that the court hold that her failure to completely express an intention in respect to some indefinite restriction of the title devised results in the passing of a fee simple estate.

Subsequent events in the execution of the terms of the will of Caleb Powers brought about a situation equivalent to the present. Louisville & Nashville Railroad Company v. Powers, 268 Ky. 491, 105 S. W. (2d) 591. The testator devised certain property to Green as trustee of his daughter until she should become 25 years of age—the same as stipulated by Miss William for the trust to continue for her niece and nephew. The will so clearly reposed personal confidence in Green that we held no one else could be substituted and given the discretionary powers confided in him; hence that a passive trust resulted and title passed to the daughter, but added, "subject only to the limitations of infancy and the four years following her majority." The statement that the fee vested in the daughter subject to the limitations of "the four years following her majority" was inadvertently made, for it is inconsistent with the holding that the development into a dry or passive trust had the effect of giving the daughter full title. Of course, the limitations of infancy continued, but that is not on the title—only on the power to convey. So in the case at bar there remains only the limitation on the power of conveyance by the minor, Harriet William, and, as stated in the beginning of the opinion, by proper procedure under Section 2150a of the Statutes, the conveyance of the infant's interest will be good. Her brother having reach-

ed his maturity, although not twenty-five years of age, had the power to execute a deed for his interest in the property involved.

The judgment that the tendered deeds would convey a good title to the purchaser and that he should perform his contract is, therefore, affirmed.

Whole Court sitting.