## Arnold et al. v. Simmons' Ex'r, et al.

Oct. 22, 1943.

Thomas D. Shumate and George C. Robbins for appellants.

John Noland, James S. Lackey and D. Andrew Shearard for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

Following provisions for the payment of his debts and funeral expenses, the erection of a grave marker, and the perpetual care of his family cemetery lot, J. D. Simmons' will reads:

"The rest of my estate I desire to be divided into six equal parts and give to the Brothers and Sisters of my mother or their heirs.

"1st. To the heirs of G. B. Turley one-sixth.

"2nd. To the heirs of Mary B. Arnold or her heirs one-sixth.

"3rd. To the heirs of Margaret Boggs one-sixth.

"4th. To the heirs of Robert B. Turley one-sixth.

"5th. To Hannah S. Irvine or her heirs one-sixth.

"6th. To the heirs of Susan Doty one-sixth, but that the share of E. F. Doty not to be taken for debts. I appoint the State Bank and Trust Company my executors."

This suit involves the construction of the second item, reading: "To the heirs of Mary B. Arnold or her heirs one-sixth." The persons named in the several items were the deceased brothers and sisters of the testator's mother, excepting Mary B. Arnold and Hannah S. Irvine, named in the second and fifth items. They were his mother's nieces and are still living. Mrs. Arnold's mother was Mary Boggs. She had three other children, namely, Ben F. Boggs and Joseph Boggs, both of whom died without children, and James Boggs, who died leaving one son, Lynn Boggs, an appellant herein.

He, as the only heir of a sister of testator's mother, claims a right to share with Mrs. Arnold in one-sixth part of the estate.

The substance of the argument for a construction of the will that would give Lynn Boggs a share in the estate is that by the principal paragraph the testator declared his will to be that his property should go to all the descendants of his mother's brothers and sisters per stirpes to the exclusion of his father's people, and that such bequest was of six equal parts to her six brothers and sisters or all of their heirs; that the specific naming of Mary B. Arnold was an error, as he intended to name her mother, Mary Boggs, who was appellant's grandmother; that the bequest is "To the heirs of Mary B. Arnold" and she has no heirs, being yet alive; that item 2 naming her makes the will contradictory and uncertain, both in relation to the general devise of six equal parts to testator's uncles and aunts or their descendants, and also as between Mrs. Arnold and her children, so the presumption of intended equality must prevail. It is submitted that had testator intended that his niece, Mrs. Arnold, should have the entire one-sixth, to the exclusion of Lynn Boggs, the testator would have used the same language he used in his specific bequest to Mrs. Hannah Irvine, another niece, which is that it is to her or her heirs, instead of "To the heirs of Mary B. Arnold."

We do not find any irreconcilable conflict between the general clause and the specific items. Since all the brothers and sisters of testator's mother were dead when the will was written, the general clause was, in effect, to will the property to "their heirs" whom he proceeded to name or classify. The bequest was not to "all their heirs" but to those whom he named. The will was holographic and the testator was a farmer unlearned in legal technology. If we should engage in surmise, it would be that he started the second item as he did the first, "To the heirs," purposing to name a deceased sister or brother and then thought to mention a living niece, "or her heirs." Be that as it may, the use of this form cannot lead one away from the idea that the testator's intention was to give to the person named one-sixth of the estate.

We had a similar form of will for construction in Leroy v. Read's Ex'r, 252 Ky. 821, 68 S. W. (2d) 421.

It contained a general statement of a devise of three-tenths of the remainder of the estate to the children and grandchildren of testator's deceased aunt, followed by the naming of a number of them. She omitted to mention four grandchildren. Their contention that the devise was to a class and that they had been omitted by mistake was held not sustainable because of the plain and unambiguous language and designation of the beneficiaries. The general bequest in that will, like the present one, was not to all the descendants of the uncles and aunts but to those specifically named. We are of opinion, therefore, that the chancellor properly construed the will as devising nothing to the appellant, Lynn Boggs.

Mrs. Mary B. Arnold has two sons, William and Joseph. The former is a mental incompetent. His guardian ad litem maintains that the bequest was to Mrs. Arnold's children since it was to her "heirs." It is submitted that the testator classified her among the dead named in the will by the provision that that one-sixth of the estate was "To the heirs of Mary B. Arnold." This is different from the devise to the only other niece and living person mentioned, which was directly "To Hannah S. Irvine or her heirs." If the provision was only "To the heirs of Mary B. Arnold" there would be force in the appellant's argument, but we cannot ignore the words following "or her heirs." One or the other clause must be deemed ineffective surplusage, for .literally regarded they create an inconsistency. If the latter clause is eliminated it would result that this item only would stand out different from all the others and that testator passed by only one of the living descendants of his uncles and aunts whom he specifically named in his will as his beneficiaries. In case of inconsistent provisions equally tenable in respect of time of vesting an estate, the law favors the acceptance of' that provision which vests it immediately rather than in the future or indefinitely. 26 R. C. L. 232; Winn v. William, 292 Ky. 44, 165 S. W. (2d) 961. To disregard the last clause "or her heirs" and accept the first would leave the vesting of the complete fee in suspense until Mrs. Arnold's death. Another rule may be invoked as requiring the acceptance of the intent to bequeathe the share in the estate to "Mary B. Arnold or her heirs." That is that where· clauses in a will are irreconcilably repugnant, the latter must prevail. Martin v. Palmer, 193 Ky. 25, 234 S. W. 742; Bowman v. Morgan, 236 Ky. 653, 33 S. W.

(2d) 703; Kirk's Adm'r v. Massie, 290 Ky. 760, 162 S. W. (2d) 783. There is scarcely any reasonable ground for holding other than that Mrs. Arnold was vested with the fee simple estate described.

Wherefore the judgment is affirmed.