## Johnson et al. v. Johnson et al.

May 5, 1950.

E. B. Beatty, Judge.

Shumate & Shumate and C. X. Johnson for appellants.

E. B. Rose for appellees.

CLAY, COMMISSIONER—Reversing.

This action was brought for the settlement of the estate of Eliza J. B. Johnson, for construction of her will, and for other purposes. On this appeal the deter-

minative question is whether or not the purported will is void for uncertainty. It reads:

"The Last Will and Testament of Elija J. B. Johnson.

"I do will and bequeath to my children who have no homes or means of living or sustinance all my lands and property I shal have at my death to have and to hold for their natural lives withe my heirs at law or grand children who need help none of my lands to be sold during any of my childrens or life times. I do not want any disagreement or contention over any of my property and if any one should try to divide or raise confusion over my directions they shal be disbared of any part of same. I also set apart what money I shal leave as an dowment fund to be used for necessary improvement and upkeep of th Buildins and Lands (Original in safety Box, Beattyville, Ky.

"A Copy Attest To the Real Will in safety Box, Beattyville, Ky.

"I do will and Bequeath to my living children all my property and means of any kind I shal leave at the time that I may departure from this life first to ones who have no homes or or means of living to hold as long as they shal live or need use of home then to go to the needy ones of my children or grand children as long as any who need a home my home and property not to sold or be fussed over no one no one to be allowed to be allowed to dominate over any one of the others but all to get along agreeable and faie Equal the money to be kept as a trust fun for Real needs All household Effects to be kept in the home for use of all whoo shal make their home hear no one to be allowed to live Extravigantly or to waist anything taht shal be left hear for the needy the poor we shal have always. May God Bless and keep all who live hear.

Nov. 20th 1937.

"A. L. Johnson and Daisy Boone serve as Executors without charge to anyone.

"Elija J. B. Johnson"

The testatrix was survived by 8 children and several grandchildren. The principal part of her estate was a large farm.

The law permits one to dispose of his property by will, but the intention of the testator must be expressed with sufficient clarity to enable a court to enforce its provisions. If the writing is so uncertain or confused or ambiguous that the testator's intentions cannot be reasonably ascertained, it is void as a testamentary instrument. See Futrell v. Futrell's Executor, 224 Ky. 814, 7 S. W. 2d 232, and Winn v. William, 292 Ky. 44, 165 S. W. 2d 961.

It is impossible to determine from the writing above quoted who are the beneficiaries, the extent of the estates devised, or the persons in whom the ultimate fee will vest. The following questions immediately strike the mind: What type of home must a child be living in to qualify as having "no home?" How substantial must be the means of living or the lack of such means? When shall a child be held to have no "sustinance?" If these questions are determinable, who is to judge the qualifications of the prospective beneficiaries? Are the needy grandchildren to share in the estate with the children of the testatrix? May not the possible estates of the grandchildren vest beyond the period prescribed in the rule against perpetuities? KRS 381.220. Who is to administer the proposed trust fund, and who could determine proper expenditures therefrom? How is it possible for anyone not to "raise confusion over my directions" and thereby forfeit his interest in the estate?

The only possible thing this instrument could accomplish would be to provoke and perpetuate endless controversies, as it already seems to have done. Every birth, death or reversal of fortunes in the family would raise new legal questions. The testatrix has created a mammoth puzzle, but courts are not designed, nor qualified, to participate in such a game.

The testatrix did not write a will. We cannot make one for her. The only clear provision in this writing is the nomination of executors, but since it is an integral part of the whole, it must fall with the other provisions. The purported will is void in its entirety.

The judgment is reversed.