Elizabeth WHITEHEAD, Appellant,

v.

Helen Garvin DONNELLY et al., Appellees.

Court of Appeals of Kentucky.

May 3, 1963.

Rehearing Denied June 28, 1963.

Duncan & Allender, Bowling Green, for appellant.

Coleman, Harlin & Orendorf, Marshall Funk, Bowling Green, for appellees.

CLAY, Commissioner.

The construction of a provision of a holographic will is sought in this declaratory judgment action. The controversy is between the named residuary legatees and the heirs of the testatrix. The Chancellor adjudged the legatees took the property in fee simple.

The will of the testatrix, after disposing of a tract of real estate and certain corporate stocks, provided:

"3. The residue of my estate, real, personal & mixed to Louise Sledge and Helen Garvin Donnelly *to distribute as I have directed*. No bond required. Louise Hackney Executor." (Our emphasis)

In addition to the will the testatrix had written a codicil disposing of seven items of personal jewelry and her papers included various memoranda pertaining to many items of her property. The Chancellor correctly decided that the memoranda could not be properly considered as a part of the will or as binding instructions governing the disposition of the testatrix's estate. The court held the above italicized language

was to be given effect only with respect to the distribution of items specifically referred to in the will and codicil and that the legatees took the rest of the testatrix's property in fee simple.

The interpretation by the trial court of the words "to distribute as directed" is strained indeed. The *residue* left to Louise Sledge and Helen Garvin Donnelly consists of the testatrix's property remaining *after* the specific bequests have been distributed. Since the executor has the obligation to attend to this distribution, there could be no possible reason to impose that duty on the two legatees. This construction of the words is not permissible.

The legatees contend those words relate to items of property referred to in the various memoranda. This argument is not tenable for two reasons: (1) the Chancellor properly decided the memoranda could not be considered as instructions relating to the disposition of the estate, and (2) since the testatrix apparently assumed she had disposed of the items mentioned in the memoranda, she could not have contemplated those items as part of the "residue".

The only difficulty in this case is encountered when a court, under the guise of construing language which fails to create an estate, undertakes to write a will for the testatrix. The court is asked to distribute her property in an equitable manner because she failed to make clear her intent. The proof introduced, to the effect that the testatrix would be more inclined to give her property to the two legatees than to her heirs, was obviously directed to this end. If the testamentary distribution of property is to be determined by what the testatrix may possibly have hoped to do or what we think in fairness she should have done, then the requirement that a will be in writing is an unnecessary formality.

█ The law gives a person a right to dispose of his property by will. Unless that writing expresses the testator's intent with sufficient clarity to enable the court to find the intent therein and to enforce its provisions, he has simply failed to dispose of his property by will. Futrell v. Futrell's Executor, 224 Ky. 814, 7 S.W.2d 232; Winn v. William, 292 Ky. 44, 165 S.W.2d 961; Johnson v. Johnson, 312 Ky. 773, 229 S.W.2d 743.

Let us again note the provision of the will in controversy:

> "3. The residue of my estate, real, personal & mixed to Louise Sledge and Helen Garvin Donnelly to distribute as I have directed. * * *."

In the preceding parts of her will the testatrix had made outright devises and bequests to other persons. In the codicil she made outright bequests to these two named beneficiaries. It is thus apparent she knew perfectly well how to make an absolute devise or bequest to a named beneficiary.

█ Item 3 is in an entirely different category. On its face it is a conditional bequest. An integral restriction is attached. The residue was left to the legatees for the purpose of carrying out some plan the testatrix had in mind. The language diametrically opposes the vesting of a fee simple title in them.

The wording purports to create a trust. Appellees contend the testatrix did not know what a trust was and did not intend one because she did not use the word "trust". In Arnold v. Clay, 262 Ky. 336, 90 S.W.2d 55, the testatrix left property to her brother "to do with as we have privately agreed". It was held the testatrix (though not using the word "trust") had restricted the beneficiary's use and distribution of the property, and had thereby created a trust. The trust failed because no beneficiaries were designated but the devisee did not take a fee. See also Reynolds v. Reynolds, 224 N.Y. 429, 121 N.E. 61, wherein the language was quite similar to that before us, and the same decision was reached.

The construction of this language is not controlled by the label we may place on the estate the testatrix attempted to create. The ultimate question is whether the testatrix bequeathed the residue of her estate to the named persons absolutely. As pointed out in the Arnold case above cited, the language she used positively excludes this interpretation. The property was to pass *through* them, not *to* them. Since the testatrix failed to use language by which we could give legal effect to her plan, she simply failed to make a testamentary disposition. The bequest fails for indefiniteness and uncertainty, and under those circumstances the named legatees do not take the fee. McKee v. Hedges, Ky., 297 S.W. 2d 45. The residue of the property must pass to the heirs at law of the testatrix as in cases of intestacy.

The judgment is reversed, with directions to enter a judgment consistent with this opinion.