**Lewis B. FLYNN, Jr., and John B. Flynn, etc., Appellants,**

**v.**

**Eugenia FLYNN, Executrix of the Estate of Lewis B. Flynn, and Eugenia Flynn, Individually, Appellee.**

Court of Appeals of Kentucky.

July 2, 1971.

Samuel R. Wells, Marshall, Cochran, Heyburn & Wells, Louisville, Robert Lee Rose, Winchester, for appellants.

William O. Hays, Hays & Hays, Winchester, for appellee.

NEIKIRK, Judge.

Eugenia Flynn filed in the Clark Circuit Court an action seeking a declaration of rights. She sought an interpretation of Item Two of the will of her deceased husband, Lewis B. Flynn. Item One directs that his debts be paid. Item Three appoints his wife executrix without bond. Item Two is as follows:

"I, hereby devise and bequeath all of my property both real and personal, tangible and intangible, wheresoever situate to my beloved wife, Eugenia Flynn, for and during her natural life, in fee simple absolute with the expressed desire that if she does not need to sell same, that she dispose of same to be effective at her death in an equitable manner to our son John, and my son Lewis."

The devisees, Lewis B. Flynn, Jr., and John B. Flynn, contended that Item Two is so ambiguous as to defy interpretation, wherefore the will is a nullity; in the alternative, they contended that under Item Two Eugenia Flynn received only a life estate. The circuit court entered judgment declaring that the will gave Eugenia Flynn the property in fee simple. It is from this judgment that Lewis B. Flynn and John Flynn appeal. We affirm.

Lewis B. Flynn obviously intended to die testate. What he said in his will is confusing. We find, however, that the meaning can be ascertained by applying the general rules relating to construction and interpretation of wills.

We have considered the many cases cited by the appellants in support of their contention that the will is so ambiguous as to defy legal interpretation. Each case cited is distinguishable from the instant case by reason of variance in the language and phrases used in the wills. It is true that a will must be sufficiently clear in meaning to enable a court to determine the testator's intention, Whitehead v. Donnelly, Ky., 368 S.W.2d 337; however, to declare void a provision in a will, the court must be persuaded that a reasonable determination of the testator's intentions cannot be made. Johnson v. Johnson, 312 Ky. 773, 229 S.W.2d 743.

In order to determine the intention of the testator, it is necessary to look at the will as a whole. Underwood v. Underwood, 273 Ky. 654, 117 S.W.2d 596.

Item Two describes the estate devised to appellee as a "fee simple absolute." The appellants would have us find that the other words used in Item Two restrict the estate to a life interest. Among the other words are ones giving the appellee the power to sell the property. This is not consistent with a life estate. Also, there is the statement of the testator's desire that appellee leave the remainder, if any, of his estate at her death to the testator's two sons. The word "desire" is a precatory term. It lacks the force necessary to limit a prior estate. Kirk v. Lee, Ky., 402 S.W.2d 838. The only words used in Item Two that could be regarded as limiting the fee simple estate are "for and during her natural life." Those words alone, in view of the other provisions of the will, cannot be taken as establishing an intent that appellee should have only a life estate.

Considering the will as a whole, we think the trial court correctly found that the intention of the testator was to leave appellee all of his property in fee simple.

The judgment is affirmed.

All concur.