Anne Montgomery **HERNDON** and Elizabeth Ferguson Herndon Sherman, Appellants,

v.

Edwin E. **BARNES**, Executor of Estate of Betsy H. Barnes, etc., et al., Appellees.

Court of Appeals of Kentucky.

Feb. 21, 1975.

J. Craig Bradley, Jr., Bradley & Bradley, Georgetown, for appellants.

E. Durward Weldon, Georgetown, for appellees.

JONES, Justice.

The construction of a purported holographic codicil to the will of Betsy H. Barnes is the controversy presented by this appeal.

On December 2, 1965, Mrs. Barnes executed a valid will. By the terms of that will, Rankin E. Barnes was to receive her automobile. Her husband Edwin was to receive the balance of the personal property except her interest in livestock.

One of the assets involved in this dispute is the "Thompson" place. This was a farm which originally contained 137 acres. The "Thompson" place was devised to Mrs. Barnes' mother for life, then to her brother for life. Both the mother and brother predeceased Mrs. Barnes.

After the death of the life tenants, the "Thompson" place was devised in trust to the First National Bank and Trust Company for the benefit of Anne M. Herndon and Elizabeth F. Sherman, nieces of Mrs. Barnes, for their joint lives, with remainder to their issue. If Anne and Elizabeth had no issue, the Georgetown Presbyterian Church was to receive the property.

There are other provisions in the will that are not pertinent to the issues in controversy.

The "disputed passage" was precipitated by the purported holographic codicil to the will of Mrs. Barnes. The instrument written on the mailing jacket of a Reader's Digest is as follows:

"Feb. 9, 1968

(codicils)

Bequeaths:

(1) Select items & insert in will to whom they go instead of all personal property to Eddie.

(2) *Change car deal to Ranny.* (Emphasis by Mrs. Barnes)

(3) Donation to Nortons—& local hospital.

(4) Sell Thompson place.

Have private family sale—Herndon & Ferguson.

Betsy H. Barnes."

Betsy H. Barnes died on April 21, 1971.

On April 27, 1971, the will and the purported codicil were probated by the Scott County Court as the last will and codicil of Betsy H. Barnes.

Anne and Elizabeth appealed the probate of the purported codicil to the Scott Circuit Court. The trial court ruled that it was a valid codicil to the will of Betsy H. Barnes.

On appeal to this court, Anne and Elizabeth contend that the judgment of the Scott Circuit Court is erroneous.

From time immemorial, this court has upheld poorly executed documents as wills. However, the court has consistently held that the essential requirements of intent and testamentary disposition must be shown in a will or a codicil to an existing will.

"We take it there will be no disputing the fact that the determination of whether an instrument is testamentary in character depends wholly upon the intention of the maker, and that, in the absence of a testamentary intent, there can never be a will] . . . *If the paper shows no more than an intention that the person intended to make a disposition of his property in the future as indicated in the paper, it is not sufficient.*" (Emphasis added.) Nelson v. Nelson, 235 Ky. 189, 30 S.W.2d 893 (1930).

This court has compared each paragraph of the document styled "codicils" with the judgment of the trial court. It is impossible for the court to determine the intention of Betsy H. Barnes from that document. When the trial court determined Betsy's

intention from this fragmentary memorandum, he had to do so by conjecture. This court has frowned on such action:

"The only difficulty in this case is encountered when a court, under the guise of construing language which fails to create an estate, undertakes to write a will for the testatrix . . . If the testamentary distribution of property is to be determined by what the testatrix may possibly have hoped to do or what we think in fairness she should have done, then the requirement that a will be in writing is an unnecessary formality." Whitehead v. Donnelly, Ky., 368 S.W.2d 337 (1963).

The instrument styled "codicils" makes no disposition of Mrs. Barnes' property. It is a memorandum of changes she desired to make in her will. It is not a valid codicil. It is not an instrument that disposes of property.

The judgment is reversed with directions to enter a judgment consistent with this opinion.

All concur.