## Burnam, et al. v. Suttle.

(Decided May 21, 1912.)

### Appeal from Warren Circuit Court.

1. Wills—Construction of—"Dying Without Issue."—Where a testator in one clause of his will gave absolutely to a grandchild certain described property, and in a codicil provided that in case of her death without issue the estate devised should go to his heirs, the words "dying without issue" refer to the death of the devisee without issue during the life of the testator.

2. Wills—Construction of—Vested Estate Favored.—The law favors the vesting of estates. In cases of doubt, it favors a fee rather than a less estate. And an estate once given in fee will not be defeated by a subsequent provision in the instrument limiting it to a smaller estate, unless the language of the instrument or the intention of the testator requires it.

G. DUNCAN MILLIKEN for appellants.

SIMS & RODES, GRIDER & HARLAN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In his will, which was probated in 1852, Bennett Burnam in the first clause gave to his daughter, Lee Ann Smith, the widow of Calvin Smith, certain real estate, and his household and kitchen furniture. In the second clause he directed that there be placed in trust for the use of his daughter, Lee Ann Smith, during her life, all of his money, notes, bonds and choses in action; and provided that:

"After the death of said Lee Ann, I will and direct that the whole of said trust funds in the hands of the trustee be paid over to the children then living of my said daughter, and if any of her children be dead leaving children at the time of her death the said last-named children are to receive the share or portion which their parent if living would have received; if any of my legatees be infants, the money which shall be due to them under this will shall be paid to their guardian for them." * * *

In the third clause he gave to his niece, Nancy Smith, $1,000, but provided that if she should die before she became 21 years of age, and without issue, it should be divided between his brothers and sisters. The fourth clause reads:

"I will and devise to Mary B. Smith, daughter of Calvin and Lee Ann Smith, my lot and house lying next to Dr. Briggs' shop, it is usually called the blacksmith shop lot. I also give and devise to Mary B. Suttle my lot of ground on Green street between A. W. Graham and R. W. Ragland's lots, both of said devised lots are in the town of Bowling Green."

In a codicil he directed that:

"In case of the death of all the children of my daughter, Lee Ann Smith, without issue, then my will is that the whole estate before set forth as bequeathed to them in any event shall revert and descend to my legal representatives as though no will had been made, that is, to my brothers and sisters and their legal representatives."

Lee Ann Smith died, leaving surviving her two children, the appellee, Mary B. Suttle, or Mary B. Smith as she is called in the will, and a son, Calvin Smith, who died many years ago unmarried.

This suit involves the construction of the will of Bennett Burnam, and arises out of the fact that the heirs and legal representatives of the testator claim that in the event of the death of Mary B. Smith, who is now an old lady and childless, the estate devised to her in the fourth clause of the will reverts to them; while it is her contention that under the will she took a fee-simple title in the property described in the fourth clause of the will. The lower court ruled that Mary B. Smith, now Suttle, took the fee in this property, and from this judgment the heirs of the testator prosecute this appeal.

In the first clause of his will, the testator gave certain property absolutely to his daughter, Lee Ann Smith. In the second clause he gave her certain property for life, with remainder to her children. In the third clause he gave to his niece, Nancy Smith, $1,000, with direction that in the event of her death before she became 21 years of age, or without issue, it be paid to his brothers and sisters. And in the fourth clause he gave absolutely to Mary B. Smith the property therein mentioned. It will be noticed that the testator gave to his daughter, Lee Ann, absolutely the property mentioned in the first clause, and to his granddaughter, Mary B. Smith, absolutely the property mentioned in the fourth clause. In the second and third clauses he gave a defeasible fee.

The appellee, Mary B. Suttle, insists first that the

codicil refers to the trust property mentioned in the second clause of the will and does not include the property given to her absolutely by the fourth clause, and second, that if this view should not be taken that the words in the codicil "in case of the death of all the children of my daughter, Lee Ann Smith, without issue "mean a dying without issue in the lifetime of the testator. While the heirs of the testator contend that the codicil refers to property given in the fourth as well as in the second clause; and further, that Mary B. Smith only took a defeasible fee, subject to be defeated by her death at any time without issue.

There is much that might be said in favor of the construction that the codicil does not refer to the property given in the fourth clause; but, passing this, we think the judgment may safely be sustained upon the ground that the words in the codicil "in case of the death of all the children of my daughter, Lee Ann Smith, without issue," were intended to mean a dying without issue in the lifetime of the testator. Looking at clause four and the codicil as they stand, there is conflict between them, as, under one Mary B. Smith took the fee and under the other only a defeasible fee. Both of these clauses cannot be given effect if construed literally as written. But if the codicil is construed to refer to a dying without issue in the lifetime of the testator, then the fourth clause and the codicil may both be given effect, because if Mary B. Smith died without issue during the lifetime of the testator, then the property given to her in the fourth clause would go as directed in the codicil. The testator in the fourth clause mentioned his granddaughter by name and gave to her without limitation or restriction the estate therein described. Aside from the codicil, there is no expression in the will from which it can be gathered that the testator intended to qualify in any manner the estate given to this grandchild. His intention to vest the fee in her is made as plain as language could make it. But, looking to the codicil in connection with the other clauses in the will, it appears that the testator desired that upon the death of the grandchildren the estate given to them should go under the law of descent and distribution or, as expressed in the codicil, "as though no will had been made." Construing this codicil as an effort on the part of the testator to limit the estate devised by the will, the question recurs—

to what period did he refer when he expressed the desire that if the devisees should die without issue the estate should go as directed in the codicil. The testator does not say in the codicil that if she should die "at any time" without issue the estate should revert to his other heirs or make it clear that he intended to deprive his grandchild of the full estate given to her in the event she survived him. The more reasonable and harmonious inference is that if she outlived him, he wanted her to have the absolute estate in the property given to her. This view conforms to the often announced rule of construction, that the law favors the vesting of estates. In cases of doubt it favors a fee rather than a less estate. And an estate once given in fee will not be defeated by a subsequent provision in the same instrument limiting it to a smaller estate, unless the language of the instrument or the intention of the testator requires it. McCauley v. Dale, 108 S. W., 268; Schneiderhahns v. Zeller, 110 S. W., 834; Washer v. Washer, 143 Ky., 650.

In Pritchett v. Corder, 105 S. W., 910, we had before us for construction a will very similar to the one here involved. In that case the testator directed after the payment of certain bequests, that "All my property, both real and personal, I bequeath to my niece, Ada Corder, absolutely; and if said Ada Corder should die without issue, then said property is to go to the heirs of Rosa Hays Pritchett, deceased." The question was, did Ada Corder take the fee or only a defeasible fee. After a review of the authorities, we held that she took the fee. There is no substantial difference between the will construed in that case and the one we are now considering.

The judgment of the lower court is affirmed.