## Walton, et al v. Cleneay, et al

(Decided February 18, 1913.)

### Appeal from Fayette Circuit Court.

1. Wills—Construction of.—The testatrix by her will directed that one-half of the share of each of her sons should be conveyed to him in fee simple, and that the other half should be held in trust for him during his life and should go to his children at his death. By another clause she provided that the trustees might sell for reinvestment the moieties of her sons above provided for. Held: That this provision refers to the moiety which was not conveyed to the son absolutely.

2. Wills—Construction of.—Under such a will each son took one-half his share absolutely and where he died leaving children they took absolutely the other half at his death.

3. Statutes—Application of Section 498, Civil Code.—Section 498 of the Civil Code has no application to land that is not held in trust for the life of another as therein provided.

MATT S. WALTON, for appellant.

JOHN B. SHANNON, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

The will of Sarah H. Woolley contains the following provisions:

"Sixth. It is my will that my executors and trustees shall after the payment of my debts, and settlement of my estate, divide, or cause to be divided all the rest and

residue of my estate, real, personal or mixed, into equal portions, for the purpose of making just and equal partition among my children and their descendants; and after such division shall have been made, I direct my executors and trustees to convey to each one of my children or their descendants entitled thereto, one-half of such share or purport, absolutely and in fee simple, and the other half of such share shall be held or invested in good real estate in the discretion of my trustees and executors for the use and benefit of my said child for the term of his natural life, and after his death to the use and for the benefit of his children, or, in default of children living at the time of his death to such uses as such child may declare, limit or appoint by deed or will; and in default of such appointment then such moiety of such share, shall pass to and vest in the heirs of such child absolutely in fee, and my trustees may permit such child to retain possession of the moiety of such share, without any account of rents or profits or to hold, use and occupy the same for life, without any account and without inpeachment of waste, and without any responsibility of said trustee therefor. It is my will that this provision shall only apply to the shares of my sons and not to the shares of my daughters, which are hereinafter specially provided for by me

"Fourteenth. And it is my will that my executors and Trustees shall have full power and authority from time to time in their discretion to sell and convey, assign or transfer the respective moieties of my sons, mentioned and provided for in the sixth item of this will; and to reinvest as they may choose the proceeds of any such sale, in any real estate whether productive or unproductive, in Kentucky or elsewhere; and my said sons shall have no power to sell and convey, mortgage, charge or incumber their respective moieties in any manner or to subject the same by their debts or otherwise in any manner so as to impede, abridge, impair or destroy the right of my said executors under this will, or their successors to sell and convey said moieties, and reinvest the proceeds in any other real estate in Kentucky or elsewhere, to be held upon the same trusts and conditions; and to that end it is my will that the legal estate in said moieties shall be vested and remain in my said trustees, with a right of entry upon the lands so to be held, as against my sons and all other persons whomsoever."

The estate was divided as directed in the will; a tract of 166 acres fell to her son Charles W. Woolley, and was conveyed to him on the terms and conditions set out in the will. In 1887 Charles W. Woolley and wife conveyed all his estate and title to the land to their daughter Louisa D. Woolley for life with remainder to such of her surviving children or grand-children or both, as she might by her will appoint; and in default of such appointment, to her children and grand-children surviving at her death. After this he died leaving three children surviving him, Sarah H. Woolley, Molly Woolley and Louisa Woolley. Molly Woolley married John W. Stevenson, and died in June, 1912, leaving two children, John W. Stevenson and Charles W. Stevenson, who are both infants. Sarah H. Woolley is unmarried. Louisa Woolley married Harry Q. Cleneay, and they have two daughters, one of whom is married, and has three infant children. In this condition of things, Mrs. Cleneay and her husband sold the tract of land to Joseph F. Walton for $10,500, and brought this suit to obtain the judgment of the chancellor confirming the sale, and directing a deed to be made to Walton. The original trustees under the will of Mrs. Sarah H. Woolley are all dead, and the court in the action appointed a Trust Company as trustee. Proof was taken showing that the land was not productive, and that it was to the interest of all the parties that it should be sold at the price fixed. The proceeding was had under Section 498 of the Code, which so far as is material is as follows:

"That when lands are held in trust by one person for the life of another, with remainder over to a class of persons, or to any person not ascertained, or to be ascertained until the death of the person upon whose life such estate for life is made to depend, or with power on the part of such person for whose life such life estate is held by the trustee, to dispose by a last will and testament, or by an instrument in the nature of a last will and testament, it shall be competent for the circuit courts or courts of like jurisdiction in the county in which such land or a part thereof is situated, in an action to which all persons having a present or vested interest in such land are parties, to direct the trustee to either sell or mortgage such land."

The court on final hearing entered a judgment as prayed by the plaintiffs and Walton appeals.

We have not been favored with any brief for the appellees, and the brief for Walton seems to be filed simply for the purpose of having this court approve the title. It will be observed that Section 498 above quoted only applies when lands are held in trust by one person for the life of another with remainder over to a class of persons, or to any person not ascertained or to be ascertained until the death of the person upon whose life the estate for life is made to depend. The statute has no application where lands are not held in trust by one person for the life of another with remainder over as therein set out.

Our construction of the sixth clause of the will of Sarah H. Woolley, is that each son takes absolutely and in fee simple one-half of the estate allotted to him, and that the other half is held by the trustees for the use and benefit of such son for the term of his natural life and after his death if he leaves issue to the use and benefit of his children. Under the will Charles W. Woolley took absolutely and in fee simple when the allotment was made one-half of the share allotted to him; and when he died leaving three children, the other half which had been held for his use and benefit during his life, passed absolutely to his three children, share and share alike. Our construction of the fourteenth clause is that it refers to the half interest which the son did not take absolutely under the sixth clause, but which he was allowed to retain possession of and use and occupy without any account. When an estate is given absolutely and in fee simple, a subsequent provision will not be read as a qualification upon the estate unless required by the language used. There is a plain intention in the sixth clause to vest in each son absolutely and in fee simple one-half of his share of the estate; and this plain intention is not modified by anything in the fourteenth clause. The latter clause was inserted so that the executors might sell the other half which the son was to have the use of during his life. We therefore conclude that the deed which Charles W. Woolley and wife made to their daughter Louisa passed to her, subject to the limitations therein contained, the title to his half of the property. The other half of the property at his death vested absolutely in his three children. It follows that no part of the property is now held by a trustee for the life of another, and Section 498 of the Code has no application.

Judgment reversed and cause remanded with direc-

tions to the circuit court to dismiss the plaintiff's petition.