## Middleton's Trustee v. Middleton, et al.

(Decided December 15, 1916.)

### Appeal from Shelby Circuit Court.

1. Deeds—Law of State Governs Construction.—The law of the state where land is situated governs the construction of a deed therefor, insofar as it determines the title or interest that one took thereunder.

2. Deeds—Law of State Governs Construction.—The courts of Kentucky will not take jurisdiction to construe a deed conveying lands located in Mississippi solely for the purpose of determining what interest or estate the grantees took in the Mississippi lands.

WILLIS, TODD & BOND for appellants and appellees.

Opinion of the Court by Chief Justice Miller—Reversing.

In 1895 Mrs. Bessie Middleton and Horace Middleton, her husband, executed a deed of trust to the Shelby County Trust Co., whereby they conveyed to said company Mrs. Middleton's entire estate, consisting of her personal property, a farm in Shelby county, a house and lot in Louisville, and three large plantations in Hinds county, Mississippi, upon the trust and conditions therein stated.

The deed of trust contained the following clauses:

"To have and to hold unto the second party, its successors and assigns in trust for the following purposes and no other, for the use and benefit of the first party, Mrs. Bessie Middleton and during her natural life with power to dispose of same by last will after her death as herein provided and at her death to her children; if any of her children be dead at her death leaving children, then the children of such child or children to take the part and interest of said deceased child or children."   . . . .

"It is further agreed and provided in this deed that any of the real estate transferred and conveyed under this deed may be sold and conveyed and the proceeds thereof received and collected by the Shelby County Trust Company at any time upon first party, Mrs. Bessie Middleton joining in conveyance of same. The proceeds arising from such sale to be reinvested in other property, real or personal, to be held by second party or its successors or assigns in the same manner and for the same uses said real estate is held."   . . . .

"Mrs. Bessie Middleton expressly reserves to herself the right and power to dispose of the remainder in the estate hereby conveyed after her death by last will. If she should die intestate, then said estate shall pass after her death in the manner provided in this deed. If she should die testate, then after her death, said estate shall pass as provided in her last will."   . . . .

"The trust by this deed created shall end at the death of Mrs. Middleton and *upon her youngest child reaching the age of twenty-one years;* but if there should be a child dead leaving children, the trust shall continue as to the part going to the child or children of such deceased child or children until they shall arrive at the age of twenty-one."

By her marriage with Horace Middleton Mrs. Middleton had two children, Jesse R. Middleton and A. C. Middleton, both now being more than 21 years of age.

Horace Middleton having died, his widow married one Taylor; and, after Taylor's death, she married Ramsey, by whom she has one child, Hazel Ramsey, who is now under fourteen years of age.

Mrs. Middleton's estate was large and valuable; but, as she was young and inexperienced in business affairs, and in feeble health, the deed of trust was made in order that the trust company might relieve her of the burden of its care and attention, and handle her affairs so as to produce a larger income than she had been able to make.

The Shelby County Trust Co. changed its title to that of the Shelby County Trust & Banking Co., and under its new title is now executing the trust.

Mrs. Middleton died intestate on April 5th, 1912. On July 1st, 1916, the trustee filed this petition in equity against Mrs. Middleton's three children and the guardian of her daughter Hazel Ramsey, setting up in detail the acts it had done in the performance of the trust insofar as they related to the three plantations in Hinds county, Mississippi. The petition shows that Mrs. Middleton had retained control of these plantations during her life, as she had the right to do under the deed of trust, and that upon her death it was found that the plantations were badly run down, and the improvements were sadly in need of repairs.

On the "Dupre Place," containing 960 acres, there were eleven negro tenant houses; on the "Austin Place," containing 469 acres, there was a mansion house and eight negro tenant houses; while on the "Matthews Place," containing 237 acres, there were four negro tenant houses, or cabins.

The boll weavel, an insect that preys upon cotton, had invaded that section of Mississippi, to such an extent as to greatly discourage, for a while, the growing of cotton, and had caused the tenants to leave the country.

Of late, however, conditions in Mississippi have greatly improved, in that respect; and the prospects for the profitable growing of cotton in that section of the state are now excellent. And, as a result of these improved conditions, the Mississippi lands belonging to this estate have almost doubled in value since the trustee took charge of them, in 1912.

In order, however, to resume the successful raising of cotton, the cabins and the mansion house must be repaired to make them tenantable.

The allegations of the petition were sustained by ample proof, showing the condition of the improvements upon the Mississippi plantations; and that the estate had no income with which to make the repairs.

The sole purpose of the petition was to authorize the trustee to expend, from the *corpus* of the estate, the sum of $600.00 for the purpose of making the reasonable and necessary repairs upon the improvements of the Mississippi plantations. No other relief was asked.

The guardian of Hazel Ramsey filed an answer, agreeing that the statements in the petition were true, and joined in the prayer thereof.

The defendants, Jesse R. Middleton and A. C. Middleton, filed their answer and counter-claim, alleging that under the terms of the deed of trust the interests conveyed to them were now free of said trust, and that they were entitled to the same in fee simple, they having passed the age of 21 years; and they prayed that the deed be so construed; but, if the court should be of opinion that they are not now entitled to their respective shares free of the trust, that the trustee be directed to pay each of them the sum of $500.00 out of the *corpus* of the estate for living expenses, the same to be charged against them in the final settlement of the trust. By reply, the trustee denied that the trust had ended, but joined in the prayer for a construction of the deed, asking that it be construed to mean that all of said property remains in trust until Hazel Ramsey, the youngest child, should become 21 years of age.

By its judgment, the court held that the interests of Jesse R. Middleton and A. C. Middleton, each being an undivided one-third interest in the entire trust estate, are now free of said trust, and the trustee was directed to deliver to them their said respective shares. From that judgment the trustee prosecutes this appeal.

It will thus be observed that the circuit court did not pass upon the prayer of the original petition, but contented itself with merely construing the trust deed insofar as it related to the interests which Jesse R. Middleton and A. C. Middleton took in their mother's estate, under the deed of trust. But, it nowhere appears in the record that the trustee now holds any real or personal es-

tate in Kentucky; the petition and proof relate wholly to the Mississippi plantations. And, counsel for the appellees in their brief argue the case as it appears solely under the law of Kentucky, citing. Clay v. Chorn's Exor., 152 Ky. 274, and cases of that character, which hold that an estate once given in fee, will not be defeated by a subsequent provision in the same instrument limiting it to a smaller estate, unless the language of the instrument, or the intention of the testator, requires it; and, that when upon the consideration of the whole instrument the mind is in doubt as to what estate was intended to pass, that construction will be adopted which passes the fee.

In support of that contention, counsel for appellees cite section 2342 of the Kentucky Statutes; Moore's Admr. v. Sleet, 113 Ky. 606; Citizens Trust Co. v. Fidelity Trust Co., 136 Ky. 544; Burnam v. Suttle, 148 Ky. 497; Walton v. Cleneay, 152 Ky. 277, and many other Kentucky cases, to the same effect. But no Mississippi authority to that effect is cited, or referred to.

We do not understand, however, that the title to these Mississippi lands is to be determined according to the law of Kentucky, or by a Kentucky tribunal. It is elementary that the law of the state where the land is situated governs the construction of a deed, insofar as it determines the title or interest that one takes thereunder. 13 Cyc. 600; Brown v. Ramsey, 74 Ga. 210; Fischer v. Parry, 68 Ind. 465; Jackson v. Green, 112 Ind. 341; Cassidy's Succession, 40 La. Ann. 827; Riley v. Borroughs, 41 Neb. 296; Tillotson v. Prichard, 60 Vt. 94, 2 Am. St. Rep. 95. See also Baker v. Baker, Eccles & Co., 162 Ky. 696, 700.

This is not a suit to settle the accounts of the trustee, and the judgment does not attempt to do so; on the contrary, the petition is confined solely to the Mississippi lands, and the counter-claim does not enlarge the scope of the petition, by describing any other lands, or property held by the trustee.

Whatever rights these appellees may have in their mother's estate in Mississippi, is to be determined by the law of Mississippi, which may be entirely different from the law of Kentucky; and, any decision that the Kentucky courts might give in fixing those interests, under the Kentucky law, might be wholly erroneous, and certainly would not be binding upon the courts of Mississippi. If it be said that the judgment is valid insofar as it applies to the Shelby county farm and the house and

lot in Louisville, it is a sufficient answer to say that this record wholly fails to show that the trustee now has any Kentucky property under its control, or that the judgment attempted to construe the deed of trust insofar as it applied to Kentucky property.

The circuit court being without jurisdiction to determine what interest the appellees took in the Mississippi lands, the judgment is reversed, and the action remanded with instructions to dismiss so much of the counter-claim as seeks a construction of the deed of trust, and for such further proceedings as may be not inconsistent with this opinion.