CLARA L. ROMME *v.* JOHN T. OSTHEIMER.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued March 6—decided May 8, 1941.

*William C. Ward,* for the plaintiff.

*Joseph L. Melvin,* for the defendant.

MALTBIE, C. J.   The plaintiff brought this action, coming to us upon a reservation, to compel specific performance of a contract for the sale by her to the defendant of a tract of land in Roxbury in the town of Stamford, for the sum of $1350. The defendant has refused to accept a warranty deed tendered by her, upon the ground that she cannot convey a good and marketable title as provided in the contract. She derived her title to the premises under the will of her husband. In the second paragraph of that instrument he gave, devised and bequeathed to her all his property, both real and personal, "with the understanding however that my farm at Roxbury shall not be sold till the sum of fifteen thousand dollars can be realized by such sale"; and in

the third paragraph he stated that "It is my desire and I request my wife to set aside the sum of one thousand dollars coming from the sale of such property and to use the same" for the musical education of a daughter and an additional sum in the same amount for the education of another daughter in drawing or art. The land in question is a part of the "farm at Roxbury." It is the contention of the defendant that the provision in the will concerning the sale of the farm constituted a valid and binding restraint upon the power of the plaintiff to sell it or any part of it, unless the sum of $15,000 could be realized for it, and that is the controlling issue in the case.

Its decision depends primarily upon the significance to be given to the word "understanding" as used in the will. In *Camp* v. *Waring,* 25 Conn. 520, 529, we said of that word as used in the report of a committee concerning postponement of the time of payment of a debt: "The context here shows that the word 'understanding,' always a loose and ambiguous one, unless accompanied with some expression to show that it constituted a meeting of the minds of parties upon something respecting which they intended to be bound, was used, not to express anything which was the subject of an agreement or contract between the parties, but only that kind of expectation or confidence upon which parties are frequently willing to rely without requiring any binding stipulation." In *Tillman* v. *Ogren,* 227 N. Y. 495, 503, 125 N. E. 821, the court had before it a gift of real and personal property absolute in terms but with an added provision that the gift was made "with the understanding" that at the decease of the beneficiary the undisposed portion of the property should be given to the testatrix's sister, and, quoting the language from the *Waring* case we have given above, it was held that the absolute gift was not cut

down by the later provision. In *Lewis* v. *Novello,* (Del. Ch.), 194 Atl. 29, the court, following the *Tillman* case and again quoting the language from the *Waring* case, held that in a gift of all the testatrix's property to her brother "with the understanding" that he would provide and care for the testatrix's son, the word "understanding" imported no more than an expression of hope and confidence and did not impose a binding obligation upon the brother. On the other hand, in *Gould* v. *Trenberth,* 61 R. I. 5, 199 Atl. 696, the court, in construing the terms of a will almost the same as that before the court in the *Lewis* case, distinguished the *Tillman* case on the ground that there the question was whether the absolute estate first given should be cut down by the subsequent provision, and held that the provision for the support of the testatrix's sister imposed a valid charge upon the estate. In *Low* v. *Ramsey,* 135 Ky. 333, 336, 122 S. W. 167, under a will also very similar to that before the court in the *Lewis* case, it was held, without any discussion, that the provision subjected the estate to a valid charge for the support of the testator's children.

The stipulation of facts before us contains little which throws light upon the intention of the testator in using the word "understanding." The will was made in 1914 and the testator died in 1938, at the age of seventy-five years. He was a member of the bar of this state, and this suggests that had he intended to impose a binding condition upon the right of his widow to dispose of the farm, he would have used words apt to make clear that purpose. It would seem, also, that he must have realized that it might not be possible at or after his death to realize $15,000 for the farm in view of the common fluctuations in value of real estate. The desire which he expressed that a portion of the purchase price should be used for the education of his

two daughters indicates that he did not have it in mind to impose a binding limitation upon the sale of the property which was to continue for any great length of time. It would seem, also, that he must have realized that the provision in question would be effectual to prevent the sale of the farm except as an entirety, no matter what necessity should later arise to sell portions of it at different times. These considerations give rise to a serious question whether the testator intended to prevent the sale of the farm under any circumstances which might develop, unless $15,000 could be realized for it as a whole.

We find it unnecessary to go farther in the disposition of the question before us. The provision in question, if valid and effectual, would restrain the plaintiff in the exercise of one of the main incidents of her ownership of the property, the right to dispose of it in whole or in part at any time and on any terms she might wish. This restraint might well continue at least throughout the term of her life. The law does not favor restraints on alienation and will not recognize them unless they are stated "in unequivocal terms"; *Williams* v. *Robinson,* 16 Conn. 517, 523; *Brothers* v. *McCurdy,* 36 Penn. St. 407; 69 C. J. 674; and certainly that is not true here. We construe the word "understanding" as meaning no more than, in the words of the *Waring* case, "that kind of expectation or confidence upon which parties are frequently willing to rely, without requiring any binding stipulation."

We therefore say, in answer to the first question propounded in the reservation, that the provision "with the understanding however that my farm at Roxbury shall not be sold till the sum of fifteen thousand dollars can be realized by such sale" does not impose an obligatory restraint upon the plaintiff and that she has the right to convey the whole or any part of the farm,

free from restriction as to the sale price to be realized. It is not necessary to answer the other questions.

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.