**HAYSLEY et al. v. ROGERS.**

Court of Appeals of Kentucky.

Dec. 12, 1952.

Rehearing Denied March 27, 1953.

Allen Schmitt, Louisville, for appellants.

Ropke, Goldstein, Lampe & Poynter, Louisville, for appellee.

MILLIKEN, Justice.

This is an appeal from a judgment which construed the holographic will of Ella F. Thomas as devising a fee-simple title to her real estate to the appellee, Willie C. Rogers, her brother-in-law, with whom she made her home. The will was dated February 15, 1946, and was probated on March 20, 1946. The pertinent portion of the will reads:

"I give, bequeath and devise all of my estate, real, personal and mixed, of every kind and description and where-ever situated, which I may own or have the right to dispose of at the time of my death, as follows:

"I give my brother, J. Walter Foster of Petaluma, California, the sum of One Hundred ($100.00) dollars. I give to a friend, Mrs. Loretta Perdue, of Louisville, Kentucky, the sum of One Hundred and Fifty Dollars ($150.-00) and my wrist watch. I give to Mrs. Ida Cross, of Montgomery, Alabama, the sum of Three Hundred ($300.00) dollars. I give to the Home Mission Board for work in Kentucky,

the sum of Five Hundred ($500.00) Dollars. I give to Willie C. Rogers of Route 4, Box 836, Louisville, Kentucky, all the balance of my estate, real, personal and mixed of every kind and description, wherever situated for taking care of me and see that I am furnished a home up to the time of my death, *with the understanding that any of my estate remaining at the time of his death, be given according to a verbal agreement between us.*"

The effect of the italicized words is the question at issue.

The title to several pieces of Louisville real estate is involved in this action, for the appellant William G. Haysley has contracted to purchase one of the pieces if the appellee, Willie C. Rogers, can convey clear title. Mr. Rogers filed this action under the Declaratory Judgment Act, Section 639a–1 et seq., Civil Code of Practice, asserting that he had no agreement with the testatrix as to the disposition of the property received from her estate and requesting the court to construe her will as giving him a fee-simple title to her real estate. The other appellants, children of testatrix' only brother, J. Walter Foster, of California, to whom she bequeathed $100 and who had died subsequent to the death of the testatrix, are the only known heirs at law of Ella F. Thomas, and they contend that the estate devised to Willie C. Rogers is a life estate, that the purported remainder is void and lapsed, and that the property consequently passes to them as intestate property under the provisions of KRS 394.500.

After the death of her husband, the testatrix made her home with the appellee, Rogers, and his wife who was her sister. When Mrs. Rogers died her sister, the testatrix, continued to live at the Rogers home, and it was in these circumstances that she wrote her will in her own handwriting.

■ Counsel for Mr. Rogers point out that the appellants are on the horns of a dilemma when they construe the words "with the understanding that any of my estate remaining at the time of his death be given according to a verbal agreement between us" as valid in limiting the estate given to Mr. Rogers, but as void because of uncertainty so far as they are words of purchase vesting the residuary estate in anyone. We mention this dilemma for the purpose of exposing the practicality confronting us. If we construe the clause as limiting the estate Mr. Rogers received under the will, we have no one designated by the will or by testimony to whom the remainder should go "according to a verbal agreement." If the testatrix had intended to limit Mr. Rogers to a life estate of any nature and to vest the remainder in the appellants as her heirs at law, she could have accomplished it without an agreement by letting the statutes of descent take their normal course. Therefore, her reference in her will to a "verbal agreement" negatives any intention on her part for the appellants to receive any of her property in the proportion or in the manner they now claim—that is, by the statutes of descent and distribution.

■ The devise to Mr. Rogers clearly would vest in him a fee-simple title to the real estate if the phraseology under discussion had not been inserted in the will. The "verbal agreement" could not operate as a will even if it were known, because wills must be in writing in Kentucky, KRS 394.040, except in the instance of noncupative wills, KRS 394.050, which are effective only as to personal property, and it could not operate as a parol trust of real estate in the factual situation of the case at bar. 54 Am.Jur., Trusts, Section 43, page 54; Huff v. Byers, 209 Ky. 375, 272 S.W. 897, where Kentucky cases are summarized; Restatement of the Law of Trusts, Sections 39 and 40, and Kentucky Annotations.

Thus the disputed phraseology is ineffective for any purpose except possibly to limit the estate received by Mr. Rogers under the will which, as we have heretofore shown, cannot be accomplished except by acting on the assumption that the testatrix intended the remainder of her real estate to devolve to the appellants, her heirs at law, by the statutes of descent, an assumption which conflicts with her testamentary declaration that any of her estate remain-

ing at Mr. Rogers' death "be given according to a verbal agreement between us."

While it is fundamental that wills should be construed to accomplish the intention of the maker, our statutes, nevertheless, declare, KRS 381.060(1), "Unless a different purpose appears by express words or necessary inference, every estate in land created by deed or will, without words of inheritance, shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of." Furthermore, the courts favor an early vesting of an estate, Arnold v. Simmons' Ex'r, 295 Ky. 516, 174 S.W.2d 747, and they also favor a presumption that a testator did not intend to die intestate as to any of his property. Sigmon v. Moore's Adm'r, 297 Ky. 525, 180 S.W.2d 420. It is our conclusion that the disputed phraseology cannot reasonably be construed to be words of limitation, but only as precatory words—words referring to a wish or desire which the testatrix intended to express to Mr. Rogers, but apparently never did. In Swango v. Swango's Adm'r, 313 Ky. 495, 232 S.W.2d 347, we construed the words "After my wife's death I desire the real and personal property, money if any, that may be left to be divided equally between my wife's and my heirs * * *", as not limiting the primary fee simple title theretofore devised the wife, and we commented:

"While this Court has repudiated the rule that where an absolute estate is devised, subsequent provisions will not be held to impair that estate, we still must seek out the true intention of the testator. A full discussion of the principles may be found in Ridley v. Shepard, 293 Ky. 91, 168 S.W.2d 550, and Bosworth v. Kilbourn, 304 Ky. 628, 201 S.W.2d 904.

"In these cases it is pointed out that the wishes of the testator, indicated by such words as 'wish,' 'request,' 'recommend,' or 'desire,' are not deemed mandatory unless it appears a legal and enforceable obligation was intended to be created. Unless the context forces the conclusion that the precatory words were used in a stronger sense, they will not be construed as a limitation on the primary estate devised."

The courts of other jurisdictions have had occasion to construe the word "understanding" when used in a will. In Delaware, where testatrix left everything to her brother in fee simple with the "understanding" that he would provide for testatrix' son, the word was construed as an expression of hope and confidence and did not impress the property with a trust. Lewis v. Novello, 22 Del.Ch. 134, 194 A. 29. In New York, where a testatrix bequeathed all of her estate to her husband with the "understanding" that at his death all property derived under her will should be given to testatrix' sister, the word "understanding" was construed to import a mere wish or hope instead of a gift, and the husband took a fee thereunder. Vincent v. Rix, 127 Misc. 639, 217 N.Y.S. 393. In Connecticut, where a testator who had devised all of his property to his wife with the "understanding" that a certain farm should not be sold until $15,000 could be realized from the sale, the court ruled that the word imposed no restraint on the wife's power to dispose of the real estate at a price she thought proper. Romme v. Ostheimer, 128 Conn. 31, 20 A.2d 406. In New Jersey, where a will referred to a memorandum which could not be found and the contents of which were unknown, the court determined the intention of the testator from the will itself and disregarded reference to the memorandum. Redmond v. New Jersey Historical Society, 132 N.J.Eq. 464, 28 A.2d 189.

In the case at bar the phraseology did not show an intention to create a legal and enforceable obligation, but rather a preference which the testatrix intended to express to the devisee. Had she intended her disputed words to be binding, to be mandatory in their effect, she could have stated the "verbal agreement" specifically in the will and made it as effective as the other provisions she had written. Furthermore, this court has consistently held that language of an ambiguous character will not be permitted to qualify the effect of language previously employed or, stated in another way—the gift of a fee simple can-

not be cut down to a life estate by language of an ambiguous character. Certainly, in the case at bar, the "verbal understanding" is worse than ambiguous, it is nonexistent. Burnam v. Suttle, 148 Ky. 495, 147 S.W. 3; Walton v. Cleneay, 152 Ky. 274, 153 S.W. 423; Browning v. Ashbrook's Ex'r, 175 Ky. 755, 195 S.W. 105; Radford v. Fidelity & Columbia Trust Co., 185 Ky. 453, 215 S.W. 285; 5 American Law of Property, note 61.

It is our conclusion that appellee, Willie C. Rogers, was devised a fee-simple title to the real estate of Ella F. Thomas, and, consequently, the judgment of the trial court is affirmed.

CAMMACK, C. J., dissents from this opinion because he believes that the will gave Rogers only a life estate with the power of disposition.