NO. **648-15**

ORIGINAL

IN THE COURT OF CRIMINAL APPEALS

TIMOTHY DEWAYNE PULLINS
Petitioner, Pro-Se

v.

THE STATE OF TEXAS

Respondent

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 30 2015

Abel Acosta, Clerk

---

## PRO-SE PETITION FOR DISCRETIONARY REVIEW

---

On Petition For Discretionary Review from the Twelfth Judicial Court Of Appeals District Of Texas in Appeal No. 12-13-00330-CR. affriming the judgement of the 7th Judicial District Court of Smith County, Texas in cause No. 007- 0509-13, the Honorable Judge Kerry L. Russell, presiding.

---

FILED IN
COURT OF CRIMINAL APPEALS

JUL 30 2015

Abel Acosta, Clerk

Timothy Dewayne Pullins
Petitioner, Pro-Se
Coffield Unit-TDCJ-CID
2661 F.M. 2054
Tennessee Colony, Tx.
75884

Non- Capital Case -- Oral Arguments Reserved

- i -

No._____

IN THE COURT OF CRIMINAL APPEALS

**TIMOTHY DEWAYNE PULLINS**
Petitioner, pro-se

**V.**

**THE STATE OF TEXAS**
Respondent

**TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:**

Now Comes, TIMOTHY DEWAYNE PULLINS, pro-se, hereafter "Petitioner" pursuant to RULE 66.1 of the TEXAS RULES OF APPELLATE PROCEDURE, and respectfully petitions this Honorable Court to exercise it's discretion to review the opinion and decision rendered by the Twelfth Judicial District Court Of Appeals in appeal No. 12-13-00330 - CR, affirming the judgement of the 7th Judicial District Court of Smith County, Texas, in cause No. 007-0509-13. Hereinsupport Petitioner will respectfully show:

# TABLE OF CONTENTS

                                                               **PAGE**

TABLE OF CONTENTS ........................... iii

INDEX OF AUTHORITIES .......................... iv

STATEMENTS REGARDING ORAL ARGUMENTS ............. 1

STATEMENT OF THE CASE ........................... 1

STATEMENT OF PROCEDURAL HISTORY ................. 2

**GROUNDS FOR REVIEW:**

1. WHETHER THE COURT OF APPEALS IN THE INTEREST OF JUSTICE SHOULD HAVE EXERCISED IT'S DISCRETION, CONSIDERED APPELLANT'S PRO-SE ARGUMENTS AND ALLOWED APPEAL WITH ATTORNEY AFTER APPEAL COUNSEL FILED ANDERS BRIEF?

2. WHETHER THE COURT OF APPEALS WAS CORRECT IN CONCLUDING THE EDIDENCE WAS LEGALLY SUFFICIENT TO ESTABLISH APPELLANT COMMITTED AGGRAVATED ROBBERY AS ALLEGED BY THE INDICTMENT?

3. WHETHER THE COURT OF APPEALS WAS CORRECT IN CONCLUDING THAT APPELLANT"S FAILURE TO OBJECT TO NON-CONTEXTUAL EXTRNEOUS OFFENSE EVIDENCE WAS NOT PROPERLY PRESERVED FOR APPEAL?

4. WHETHER THE COURT OF APPEALS WAS CORRECT IN CON-THAT APPELLANT RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL?

ARGUMENTS .......................................

PRAYER ..........................................

CERTIFICATE OF MAILING ..........................

CERTIFICATE OF SERVICE ..........................

**APPENDIX:**

A. Twelfth Court Of Appeals Opinion.

# INDEX OF AUTHORITIES

CASES                                                          PAGES

ALBRECHT V. STATE,
486 S.W.2d 97 (Tex.Crim.App. 1972) .................... 6
BLEDSOE V. STATE,
178 S.W.3d 824 (Tex.Crim.App. 2005) ................. 3
BONE V. STATE,
77 S.W.3d 828 (Tex.Crim.App. 2002) .................. 7
DRICHOS V. STATE,
152 S.W.3d 630 (Tex.App. Texarkana 2004) ........... 4
EX PARTE GARDNER,
959 S.W.2d 189 (Tex.Crim.App. 1989) ................ 4,8
GOODSPEED V. STATE,
187 S.W.3d 390 (Tex.CRIM.APP. 2005) ................ 7
GREEN V. STATE,
137 S.W.3d 356 (Tex.App.Austin 2004) .............. 4,5,8
HIGH V. STATE,
573 S.W.2d 807 (Tex.Crim.App. 1978) ............. 2
McFARLAND V. STATE,
845 S.W.2d 824 (Tex.Crim.App. 1982) ............... 6
MOORE V. STATE,
694 S.W.2d 528 (Tex.Crim. App. 195) ............ 7
RANEY V. STATE,
958 S.W.2d 867 (Tex. App. - Waco 1997) .............. 7
RYLANDER V. STATE,
101 S.W.3d 107 (Tex.Crim App. 2003) ................ 6
SCHEANETTE V. STATE,
813 S.W.2d 503 (Tex.Crim.App. 1991) ............... 3,5
STEPHENSON V. STATE,
255 S.W.3d 652 (Tex.Crim.App  Ft. Worth 2008) ...... 6
WADE V. STATE,
814 S.W.2d 763 (Tex.App.-Waco 1991) ................ 6
WILLIAMS V. STATE,
273 S.W.3d 200 (Tex.Crim.App. 2008) ............... 5

## FEDERAL

ANDERS V. CALIFORNIA,
386 U.S. 738, 87 S.Ct. 1396, L.ED.2d, 403 1967)...... 2

MARTIN V. U.S.,
129 S.CT. 211  (2000) .............................. 4

STRICKLAND V. WASHINGTON,
466 U.S. 668, 105 S.Ct. 1965 (1984) ................ 6,7,8

## STATUTES RULES AND CODES

TEXAS RULES OF APPELLATE PROC., RULE 66.1 ........ - i -
TEXAS RULES OF APPELLATE PROC., RULE 66.3(a) ....... 2,4,5,7,8
TEXAS RULES OF APPELLATE PROC., RULE 66.3(b) ..... 7
TEXAS RULES OF APPELLATE PROC., RULE 66.3(c) ...... 4,5,7,8

TEXAS PENAL CODE § 32.31 ............................. 6
TEXAS RULES OF EVIDENCE 404(b) ..................... 6

## I.

## STATEMENT REGARDING ORAL ARGUMENTS

Petitioner believes that oral argument is only neccessary if the Court deems them to be neccessary. Should the Court desire oral argument, Petitioner requests appointment of counsel and hereby reserves oral argument for counsel.

## II.

## STATEMENT OF THE CASE

On Sept. 30, 2013, Petitioner was convicted in the 7th Judicial District Court of Smith County, Texas of the offense of Aggravated Robbery, in cause No. oo7-0509-13, the Honorable Judge Kerry L. Russell, Judge presiding.

After a bench trial, the court found Petitioner guilty and sentenced him to (30) thirty years of imprisonment, in the Texas Department of Criminal justice-Institutional Division. Petitioner did not file a Motion Requesting a New Trial. On Oct. 17, 2013, Petitioner timely gave oral and written notice of appeal. This Appeal Followed.

# III.

## STATEMENT OF PROCEDURAL HISTORY

Appeal was to the Twelfth Court of Appeals. Appellant's counsel filed a brief in compliance with **Anders v. California** and **Gainous v. State.** Appellant's counsel states that he has diligently reviewed the appellant record and is of the opinion that the record reflected no reversible error and there is no error upon which appeal can be predicated; submittedon May 12,2014.

He further relates that he is well acquainted with the facts in this case **Anders, Gainous,** and **High v. State,** 573 S.W.2d 807 (Tex.Crim.App. [Panel Op] 1978) **Anders v. California,** 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed2d 493 (1967).

Petitioner filed a motion to quash counsel's Ander's brief along with a pro-se brief, on his behalf, on May, 20 2014. On May 6, 2015, petitioner's appeal was affirmed. Petitioner was then granted an extension of time, or until Aug. 4, 2015, to file the instant pro-se petition requesting a discretionary review.

# IV.

## GROUNDS FOR REVIEW

1. WHETHER THE COURT OF APPEALS IN THE INTEREST OF JUSTICE SHOULD HAVE, EXERCISED IT'S DISCRETION, CONSIDERED APPELLANT'S PRO-SE ARGUMENTS AND ALLOWED APPEAL WITH ATTORNERY AFTER APPEAL COUNSEL FILED ANDER'S BRIEF?

2. WHETHER THE COURT OF APPEALS WAS CORRECT IN CONCLUDING THE EVIDENCE WAS LEGALLY SUFFICIENT TO ESTABLISH PETITIONER COMMITTED AGGRAVATED ROBBERY AS ALLEGED BY THE INDICTMENT?

3. WHETHER THE COURT OF APPEALS WAS CORRECT IN CONCLUDING THAT APPELLANT'S FAILURE TO OBJECT TO NON-CONTEXTUAL EXTRANEOUS OFFENSE EVIDENCE WAS NOT PROPERLY PRESERVED FOR APPEAL?

4. WHETHER THE COURT OF APPEALS WAS CORRECT IN CONCLUDING THAT APPELLANT RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL?

## V.
## ARGUMENTS

1. <u>GROUND ONE:</u>

WHETHER THE COURT OF APPEALS IN THE INTEREST OF JUSTICE SHOULD HAVE EXERCISED IT'S DISCRETION, CONSIDERED APPELLANT'S PRO-SE ARGUMENTS AND ALLOWED APPEAL WITH ATTORNEY AFTER APPEAL COUNSEL FILED ANDERS BRIEF?

The Court of Criminal Appeals has jurisdicition to grant this request for a petition for discretionary review under the provisions of **TEXAS RULES OF APPEALLATE PROCEDURE, RULE 66.3:** (a) because the twelfth Court of Appeals in the instant case has rendered a decision "not to consider Appellant's pro-se brief arguments after Attorney filed Anders Brief."

In the instant case after his appeal attorney had filed an Anders brief, Appellant fled a pro-se brief without the assistance of an attorney contending there were meritorious claims sufficient to be filed on Direct Appeal. He filed the following claims in Pro-Se brief: (1) The evidence is insufficient to support a finding of quilt, (2) The trial court improperly admitted extraneous offense evidence, (3) he received ineffective assistance of counsel (4) the trial court had an improper judicial bias against him.

The Twelfth Court of appeals declined to consider appellant's pro-se arquments, concluding that they reviewed the record for reversible error and have found none. See **Bledsoe v. State,** 178 S.W. 3d 824, 826-27 (Tex.Crim.App. 2005). See(Opinion pg. 2)

In **Stafford v. State,** 813 S.W.2d 824, the First Court of Appeals was faced with a similiar situation in reqards to Anders brief being filed by Appeal attorney and appellant filming pro-se brief. The First Court of Appeals adhered to Stafford's pro-se brief and appointed Appeal counsel to assist Appellant, nevertheless exercising discretion and in the intrest of justice, the First court of Appeals considered stafford's pro-se arqument, abated appeal and remanded case to trial court with orders to appoint other counsel to present those grounds and any other grounds that might support appeal. **Stafford,** Id. pg 504.

The different decisions reached by the First Court of Appeals and Twelfth Court of Appeals gives merit that Petitioner's Pro-Se

Brief possibly had significance. The Twelfth Court of Appeals discretionary decision not to consider a pro-se argument is not withou egregious and reciprocal consequences that the appellant alone must bear.

Initially, there is clearly established and strictly enforced axion "that arguments that are available for presentation on direct appeal should be presented and a failure to do so constitutes waiver or procedural default. **Martin v. U.S.**, 129 S.Ct 211 (2000); **Drichos v. State**, 152 S.W.3d 360(Tex.App.-Texarkana 2004); **Ex parte Garner**, 959 S.W.2d, 189, 199 (Tex.Crim.App. 1989).

Because there is actual ~~inconsistency~~ (inconsistency) among the state's intermediate courts of appeals regarding their individual decisions of whether to consider pro-se arguements after Anders brief the Court of criminal Appeals should grant discretionary review in the instant case based on Tx. Rules of Appellate Proc. — 66.3 (a)(c) (**Reasons For Granting REVIEW**).

And Appoint Appeal counsel To Assist Petitioner.

2. **GROUND TWO:**

**WHETHER THE COURT OF APPEALS WAS CORRECT IN CONCLUDING THE EVIDENCE WAS LEGALLY SUFFICIENT TO ESTABLISH APPELLANT COMMITTED AGGRAVATED ROBBERY AS ALLEGED BY THE INDICTMENT?**

The Court of criminal appeals has jurisdiction to grant this request for a Petition For Discretionary rview under the provisions of **TEXAS RULES OF APPELLATE PROCEDURE, RULE 66.3(a)**, because the Twelfth Court of appeals in the instant case has rendered a decision "not to consider pro-se arguement challenging legally sufficient of the evidence conflicts with the sixth court of Appeals decision on an similar decision. See **Green v. State**, 137 S.W.3d 356(Tex.APP.-Austin 2004).

In the instant case after his attorney had an appeal brief appellant filed a pro-se brief arguing that the evidence was legally insufficient to prove that he was criminally responsible for aggravated robbery. The Twelfth Court of Appeals declined to consider appellant's pro-se argument concluding that "after appellant's attorney filed a brief, appellant had no right to hybrid representation essentially citing, **Scheanette v. State**, 144 S.W.3d 503, 505 (Tex.Crim.App. 2004).

- 4 -

In **Green v. State,** ID., the Sixth Court of appeals was faced with a similar situation. after green's attorney had filed a brief green filed a pro-se brief challenging the "legally sufficiency of the evidence."

While the Sixth Court of Appeals noted that Green did not have the right to present his own issues, nevertheleß in the interest of justice, the Sixth Court of Appeals considered Green's pro-se argument.

The different decisions reached by the Sixth anf twelfth Court of Appeals reflects the inconsistency in the state's intermediate courts of appeals in regards to whether to consider pro-se arguments on appeal in the instance where the appellant's attorney has alread filed a brief and a layman of the law is forced to file a Pro-se brief without the assistnce of counsel. In this case, the appropriate remedy would be to consider the Arguments of Pro-se Litigant or at least provide Appellant with Counsel to file Meritorious claims on Appeal because it's quite possible another lawyer could have found other Grounds on which to file an Appeal. **Stafford v. State,** 813 S.W.2d 503, 504(Tex. Crim.App. 1991).

The State's intermediate court of appeals enjoy an unfettered discretion to either adhere to, or ignore arbitrarily on a case by case basis. See e.g. **Pullins v. State,** No. 12-13-00330 - CR (Tex.App.- Tyler [12th Dist.] May 6, 2015); **Green v. State,** 137 S.W.3d 356 re'h overruled (Tex.App - Austin 2004). The discretion to either adhere to, or ignore pro-se arguments is the cause of conflicting decisions reached by both the sixth Court of Appeals in Green and the Twelfth Court of Appeals in the instant case, in regards to lagal sufficiency of the evidence. TRAP 66.3 (a),66.3(c)(Reasons For granting Review).

3. GROUND THREE:

**WHETHER THE COURT OF APPEALS WAS CORRECT IN CONCLUDING THAT APPELLANT'S FAILURE TO OBJECT TO NON-CONTEXTUAL EXTRANEOUS OFFENSE EVIDENCE WAS NOT PROPERLY PRESERVED FOR APPEAL?**

The Court of appeals has rendered an opinion in conflict with the rationale of this court in **Williams v. State,** 273 S.W.3d 200, 223 (Tex.crim.App. 2008) **TEXAS RULES OF APPELLATE PROCEDURE 66.3(c).**

Appellant asserts that non-contextual extraneous offense **TRE 404 (b)** evidnce was improperly admitted and considered during case-in-chief before the issue of identity was raised by the defense. (VIII RR 29) Appellant had already plead guilty to having used victim's credit cards previously, and as such, is a separate offense. **Tex.Pen.Code** §32.31 (Viii RR 21). It is axiomatic that extraneous offenses are inadmissible as proof of the defendant's guilt in the crime for which he is on trial, except for certain exceptions. The Albrecht Sv at State, 486 S.W.2d 97 (Tex.Crim.App. 1972 ) [The] Court noted one such exception is where the extraneous offense shows the context in which the criminal act occured, ie. the "res gestae" of the offense. The state's evidence was circumstancial regarding identity, the prosecution strongly injected petitioner's previous conviction of credit card abuse, and the aggravated robbery (VIII RR 79). But the credit card abuse was a separate offense distinctively different that the offense at hand, being aggravated robbery.

The court of appeals agreed with the assumption that because appellant's counsel did not object at any time during trial to the admission of the evidence, (non-contextual extraneous offenses) that his point on Pro-Se Brief regarding extraneous offense, has not been properly preserved for appeal because trial counsel failed to object. (See pg. 11 State's reply to Appellant Brief). The record is silent why he didn't object after filing a Motion In Limine (1 CR 22) See Stephenson v. State, 255 S.W.2d 652 (Tex.App.-Fort Worth 2008); **Rylander V. State,** 101 S.W.3d 107 (Tex.Crim.App. 2003).

A violation of Motion In Limine, by itself, is not a basis for (appellant) complaint. See **Wade v. State,** 814 S.W.2d 763, 764 (Tex.App.-Waco 1991, No pet.). But a failure to get a ruling in pre-trial on the Motion and failure to "OBJECT", does give rise to ineffective assistance of counsel. **Strickland v. Washington,** 466 U.S. 668, 105 S.Ct 1965, 85 L.Ed.2d 344 (1984). It is not ineffective assistance to fail to object to admissible evidence. **McFarland v. State,** 845 S.W.2d 824, 826 (Tex.crim.App.1982). But because appellant does argue that it was not admissible

- 6 -

evidence, the fact is that ineffective assistance is evident. **Raney v.State**, 958 S.W.2d 867 (Tex.App.-Waco 1997).

The Court of Criminal Appeals should grant discretionary review, because reasonable jurist could debate whether and agree that the Twelfth court of Appeals should have considered Appellant's Pro-Se Arguments, because appellant's claims had merit, and were not wholly frivolus. **TRAP 66.3(a)(b)(c)**.

## 4. GROUND FOUR

**WHETHER THE COURT OF APPEALS WAS CORRECT IN CONCLUDING THAT APPELLANT RECEIVED EFFECTIVE ASSISTANCE AT TRIAL?**

The Court of Criminal Appeals jas jurisdiction to grant this request for a petition for discretionary review under the provisions of **TEXAS RULES OF APPELLATE PROC. RULKE 66.3 (a)(c)**, because the Twelfth Court of Appeals in the instant case has rendered a decision not to consider pro-se argument, where Petitioner has asserted trial counsel failed to provide him with Constituional Mandated effective assistance of counsel. In texas, in a criminal case, the defendant is entitled to reasonably effective assistance of counsel as set forth in the standard under **Strickland v. Washington**, 466 U.S. 668 (1984). An Appellant bringing a claim in ineffective assitance" must demonstrate both that: (1) his counsel's performance was deficient; and (2) he was harmed and prejudiced. And but for counsel's unprofessional errors, the result of the proceeding would have been different. **Stricklan, ID. at 694,** 104 S.Ct. 2052.

Petitioner realizes that on direct appeal some claims of ineffective assistance of counsel are promblematic, where the record fails to provide an adequate record, an as such, are better made in Habeas review, where there has been some opportunity for the record to have been developed regarding trial counsel's reason's for his actions. See **Bone v. State**, 77 S.W.3d 828, 836 (Tex.Crim.App. 2002); **Goodspeed v. State**, 187 S.W.3d 390 (Tex.Crim.App. 2005).

On Appeal, the Appellant carries the burden of proving ineffective assistance by a preponderance of the evidence. See **Moore v. State,** 694 S.W.2d 528, 531 (Tex.Crim.App 1995). Nevertheless, upon close review there are some issues that can be raised under

scrutiny of the Record. (See Appellant's pro-se brief pg. 30-43). He States the following claims of IAC: 1) Counsel failed to investigate case, 2) Counsel allowed excessive probable cause testimony, 3) Failed to object, 4) Failed to utilize or obtain favorable witnesses, and counsel failed to meet the standards outlined under **Strickland v. Washington, Id.,** in several areas resulting irreparable harm.

In light that the Court of Criminal Appeals strictly and regularly follow the clearly established axiom "that arguments that are available for presentation on direct appeal should be presented, and failure to do so constitutes waiver or procedural default. **Ex parte Gardner,** 959 S.W.2d 189, 199 (Tex.Crim. App. 1989). The Court of Criminal Appeals should grant discretionary review, because reasonable jurist could debate whether or argee that in the interest of justice the Twelfth Court of Appeals should have considered appellant's pro-se argument, as the Sixth Court of Appeals did. **Green v. State,** 137 S.W.3d 356 (Tex. App.-Austin 2004); **TRAP 66.3(a)(c).**

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Petitioner-Appellant prays that the Honorable Texas Court of Criminal Appeals would grant a Petition For DisCretionary Review, and remand to the Twelfth Court of Appeals to consider Appellant's pro-se arguments or in the alternative, appoint another Appeal Counsel to assist in preparing an Appeal.

**HENCE PRAYS:**

RESPECTFULLY SUBMITTED

x _Timothy Pullins_
TIMOTHY DWAYNE PULLINS
TDCJ-CID# 1891828
Coffield Unit-TDCJ-CID
2661 F.M. 2054
Tennessee Colony, Texas
Zip 75884

## CERTIFICATE OF MAILING

I, TIMOTHY DEWAYNE PULLINS, #1891828, swear under penalty of perjury that on this 27 day of July, 2015, I placed the foregoing attached Pro-Se Petition For Discretionary Review, in a postage prepaid envelope addressed to:

- 8 -

Court of Criminal Appeals
Abel Acosta, Clerk
P.O. BOX 12308
Austin, Tx. 78711

And then on that same date deposited the same in the prison's
mailbox for outgoing inmate mail:

x _Timothy Pullins_
Timothy Dewayne Pullins

## CERTIFICATE OF SERVICE

Service has been accomplished by United States Mail First postage
prepaid addressed to:

1)   State Prosecuting Attorney
     P.O. BOX 12405
     Capital Stattion
     Austin, Texas 78711-2405

2)   District Attorney
     (Micheal West)
     Smith County Courthouse
     100 N. Broadway Ave.
     Tyler, Tx 75702

And then deposited same in prison mailbox.
     Signed on this 27 day of July, 2015.

_Timothy Pullins_
Timothy Dewayne Pullins
# 1891828

- 9 -



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 6, 2015

NO. 12-13-00330-CR

**TIMOTHY DEWAYNE PULLINS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0509-13)

---

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that Appellant's counsel's motion to withdraw is **granted,** the judgment of the court below **be in all things affirmed,** and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

# NO. 12-13-00330-CR

## IN THE COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT

## TYLER, TEXAS

| | | |
|---|---|---|
| *TIMOTHY DEWAYNE PULLINS,* <br> *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*
### *PER CURIAM*

Timothy Dewayne Pullins appeals his conviction for aggravated robbery. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

In the early morning hours of January 27, 2013, the victim began walking home after a night out at a bar in Tyler, Texas. Although she parked her vehicle at the bar, she decided to walk home because she was intoxicated. As she walked, a vehicle approached her. A man exited the vehicle and robbed her at gunpoint. The victim went to a nearby convenience store and called the police. Once an officer arrived, she described the assailant as an African American male whose lips were "lighter on the inside [and] progressively got darker toward the outside of the lip." Approximately an hour or two after the robbery, a man later identified as Appellant was photographed and videotaped using the victim's credit cards at a local Walmart, McDonald's, and a gas station. The three stores are in close proximity to each other.

In response to a local news story releasing Appellant's photo in connection with the robbery, Appellant voluntarily called the police. He left a message with Detective Damon Swan of the Tyler Police Department stating that he did not commit the robbery but that he was present

during its commission. When he arrived at the station, Appellant stated, in contrast to his phone call, that he was not present during the robbery, and that he purchased the credit cards from a third party. Confronted by some of the evidence against him, Appellant changed his version of the events two more times. Ultimately, he admitted that he was present during the robbery and that he knew the robbery would take place. He denied that he actually committed the robbery. Instead, he stated that one of the other two occupants of the car, his nephew Michael Hunter, committed the robbery. He denied knowing that Hunter would use a gun, even though he knew that Hunter often carried a gun. Based on this information, Detective Swan arrested Appellant.

Appellant was indicted for the first degree felony offense of aggravated robbery.[1] Appellant initially wanted to plead guilty in hopes of a satisfactory plea agreement, but ultimately pleaded not guilty. After a bench trial, the trial court found Appellant guilty and sentenced him to thirty years of imprisonment. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.

Appellant filed a motion to quash counsel's *Anders* brief, along with a pro se brief contending that (1) the evidence is insufficient to support a finding of guilt, (2) he received ineffective assistance of counsel, (3) the trial court improperly admitted extraneous offense evidence, and (4) the trial court had an improper judicial bias against him. We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

---

[1] *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011).

2

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby *granted*, and the trial court's judgment is *affirmed*. *See* TEX. R. APP. P. 43.2. Appellant's motion to quash counsel's *Anders* brief is overruled.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered May 6, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3